# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
HAITIAN-AMERICANS UNITED, INC.,      )
BRAZILIAN WORKER CENTER,              )
CHELSEA COLLABORATIVE, INC. and    )
CENTRO PRESENTE,                            )
                                                    )
                    Plaintiffs,                     )
                                                    )
v.                                                    )          Case No. 20-11421-DPW
                                                    )
DONALD J. TRUMP, President of the      )
United States in his Official Capacity,       )
UNITED STATES DEPARTMENT OF        )
COMMERCE, UNITED STATES            )
BUREAU OF THE CENSUS, STEVEN     )
DILLINGHAM, Director of the U.S.         )
Census Bureau in his Official Capacity,     )
and WILBUR ROSS, Secretary of the        )
Department of Commerce in his Official     )
Capacity,                                           )
                                                    )
                    Defendants.                   )
_____)

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' APPLICATION FOR THE APPOINTMENT OF A THREE-JUDGE COURT

By accompanying Application, Plaintiffs Haitian-Americans United, Inc., Brazilian

Worker Center, Chelsea Collaborative, Inc., and Centro Presente request the appointment of a

three-judge court to adjudicate this action, pursuant to 28 U.S.C. § 2284(a). In this action,

Plaintiffs are challenging a Memorandum issued by President Donald J. Trump on July 21, 2020,

titled "Excluding Illegal Aliens from the Apportionment Base Following the 2020 Census" (the

"Memorandum") on a variety of grounds, including that it purports to exclude undocumented

immigrants from the basis for congressional apportionment in violation of the U.S. Constitution.

Section 2284(a) requires the appointment of a three-judge court in actions challenging "the

constitutionality of the apportionment of congressional districts," as this action plainly does. Indeed, in recent weeks the United States District Courts for the Southern District of New York and for the District of Columbia issued orders granting applications for the appointment of three-judge courts in separate cases asserting claims that are substantially similar to those that Plaintiffs have asserted here. *See Common Cause v. Trump*, 1:20-cv-02023-CRC-GGK-DLF, ECF No. 33 (D.D.C. Aug. 20, 2020) (copy attached at Tab 1); *New York v. Trump*, 1:20-CV-05770-JMF, ECF No. 68 (S.D.N.Y. Aug. 7, 2020) (copy attached at Tab 2).

Like the claims asserted by the plaintiffs in the *Common Cause* and *New York v. Trump* cases, Plaintiffs' claims in this action require adjudication by a three-judge court, and their Application for the appointment of such a court should be granted.

## BACKGROUND

Plaintiffs have brought this action to enjoin and restrain Defendants from carrying out their unlawful plan, set forth in the Memorandum, to exclude undocumented immigrants from the congressional apportionment base for the first time in our nation's history. The actions contemplated and ordered in the Memorandum are in violation of the Constitution, which states that "[r]epresentatives shall be apportioned among the several states according to their respective numbers, counting the whole number of persons in each state," and excluding only "Indians not taxed." U.S. Const., amend. XIV, § 2. Those actions also violate two federal statutes: 13 U.S.C. § 141, which requires the Department of Commerce to "tabulat[e] the total population by States . . . as required for the apportionment of Representatives in Congress," and 2 U.S.C. § 2a(a), which requires the President to transmit to Congress apportionment tables "showing the whole number of persons in each State." Previous Departments of Justice under the administrations of both parties, and at least one federal court, have held that the exclusion of undocumented

immigrants from the apportionment base would be unconstitutional. *See Federation for Am. Immigration Reform v. Klutznick*, 486 F. Supp. 564, 576-77 (D.D.C.) (three-judge court), appeal dismissed, 447 U.S. 916 (1980).

In addition, because the federal government has no mechanism for conducting an actual, direct count of the undocumented population within the States—and in fact has been prevented by the Supreme Court from inquiring about citizenship in the 2020 census[1]—implementation of the Memorandum would violate Article I, § 2 of the Constitution, which requires all figures used in congressional apportionment to be determined via "actual Enumeration." *See Utah v. Evans*, 536 U.S. 452, 477 (2002) (recognizing that "the Framers expected census enumerators to seek to reach each individual household," and not to use substitute "statistical methods"). Also, because the Defendants can only effectuate the Memorandum's instructions by using statistical sampling, their implementation of those instructions would violate the Census Act, which "directly prohibits the use of sampling in the determination of population for purposes of [congressional] apportionment." *Department of Commerce v. U.S. House of Representatives*, 525 U.S. 316, 338 (1999); *see* 13 U.S.C. § 195.

## ARGUMENT

### I.     Section 2284 requires that a three-judge court be convened.

In Section 2284, Congress provided that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). The proposed actions at issue here, as described in the Memorandum, purport to alter the way in which members of Congress are

---

[1] *See Department of Commerce v. New York*, 139 S. Ct. 2551 (2019).

apportioned across the several states, with the inevitable (and intended) result that some states will lose representatives in Congress. In this action, Plaintiffs allege (among other things) that this alteration of the congressional apportionment base violates Article I, Section 2 of the U.S. Constitution, as well as the equal protection guarantees of the Fifth and Fourteenth Amendments. *See* Complaint (Docket No. 1) at ¶¶ 158-64, 175-78. These claims constitute a "challeng[e] the constitutionality of the apportionment of congressional districts" within the meaning of Section 2284(a), and thus require adjudication by a three-judge court.

Courts hearing constitutional challenges to Executive Branch decisions that affect congressional apportionment have routinely appointed three-judge courts under Section 2284(a). *See, e.g.*, *Franklin v. Massachusetts*, 505 U.S. 788, 791 (1992) (reviewing decision of three-judge court regarding challenge to practice of allocating overseas federal employees to their designated home states); *Utah v. Evans*, 182 F. Supp. 2d 1165, 1167-68 (D. Utah 2001), *aff'd*, 536 U.S. 452 (2002) (three-judge court convened to address claims that defendants violated statutory provisions and the Constitution by refusing to count missionaries serving missions abroad); *see also Massachusetts v. Mosbacher*, 785 F. Supp. 230, 234-38 (D. Mass. 1992) (three-judge court statute applies to interstate apportionment of House seats). Indeed, as noted above, Judge Cooper of the U.S. District Court for the District of Columbia and Judge Furman of the U.S. District Court for the Southern District of New York have concluded that claims similar to those that Plaintiffs have asserted here should be heard by a three-judge court, based on Section 2284(a) and the Memorandum's exclusion of "the whole number of persons in each State" from the congressional apportionment base. *See Common Cause*, Case No. 1:20-cv-02023-CRC-GGK-DLF, slip op. at 1-2; *New York*, Case No. 1:20-cv-05770-JMF, ECF No. 68 20, slip op. at 2-3. As Judge Furman held, after observing that the Memorandum would have a direct effect on

the calculation of the apportionment base, "[t]o the extent that Plaintiffs challenge the constitutionality of the Presidential Memorandum, . . . it would seem that they are challenging the 'constitutionality of the apportionment of congressional districts'" within the meaning of Section 2284(a). *New York*, Case No. 1:20-cv-05770-JMF, ECF No. 68 20, slip op. at 2; *see also Common Cause*, Case No. 1:20-cv-02023-CRC-GGK-DLF, slip op. at 2 (holding that the plaintiffs' challenge to the Memorandum on the grounds that it purports to exclude undocumented immigrants from the congressional apportionment base violates the Constitution "is squarely a challenge to the 'constitutionality of the apportionment of congressional districts'" under Section 2284(a)).

## II.    A three-judge court is necessary to confer jurisdiction over Plaintiffs' claims.

When an action falls within Section 2284(a) and requires a three-judge court, "a single judge shall not . . . enter judgment on the merits" of any claim in the action. 28 U.S.C. § 2284(b)(3); *see Shapiro v. McManus*, 136 S. Ct. 450, 455 (2015). If it is found that the "district court erroneously refused to convene a three-judge court" under Section 2284, "any "subsequent merits ruling by the appellate panel is void." *Igartua v. Obama*, 842 F.3d 149, 152 (1st Cir. 2016); *accord Kalson v. Paterson*, 542 F.3d 281, 286 (2d Cir. 2008). Thus, if there were any doubt that a three-judge court is required here under Section 2284—and there is not—prudence and judicial economy would favor convening a three-judge court over denying Plaintiffs' Application. *See New York*, Case No. 1:20-cv-05770-JMF, ECF No. 68 20, slip op. at 2-3 (noting that the three-judge court requirement is jurisdictional, and concluding that if the court "cannot definitively conclude that 'three judges are *not* required,'" an application for a three-judge court should be granted) (emphasis in original).

Further, the Supreme Court has approved a procedure by which a three-judge court, once convened, can ensure that its ruling will be valid, even if a reviewing court subsequently

determines that a three-judge court was not required. *See Swift & Co. v. Wickham*, 382 U.S. 111, 114 n.4 (1965). Under that procedure, the originally assigned District Judge can certify, out of "abundant caution," that "he [or she] individually arrived at the same conclusion that [the three-judge court] collectively reached." *Federation for Am. Immigration Reform*, 486 F. Supp. At 577-78 (citing *Swift & Co. v. Wickham*, 230 F. Supp. 398, 410 (S.D.N.Y. 1964)). This procedure ensures that even if a three-judge court is "mistaken[ly]" convened, its efforts will not be wasted and "an appeal can still be expeditiously taken in the appropriate forum." *See id.* By contrast, there is no equivalent procedure for a single-judge court to prevent its merits decision from being voided if an appellate court concludes that a three-judge court was required.

In sum, an order appointing a three-judge court to preside over this action is both necessary and appropriate to ensure the Court's jurisdiction.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant its Application for appointment of a three-judge court to preside over this action.

HAITIAN-AMERICANS UNITED, INC.,
BRAZILIAN WORKER CENTER,
CHELSEA COLLABORATIVE, INC., and
CENTRO PRESENTE

By their attorneys,

*/s/ Patrick M. Curran, Jr.*
Neil V. McKittrick (BBO #551386)
Patrick M. Curran, Jr. (BBO #659322)
Anna B. Rao (BBO #703843)
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
One Boston Place, Suite 3220
Boston, MA  02110
Tel: (617) 994-5700
Fax: (617) 994-5701
neil.mckittrick@ogletreedeakins.com
patrick.curran@ogletreedeakins.com
anna.rao@ogletreedeakins.com


Oren Sellstrom (BBO #569045)
Lauren Sampson (BBO #704319)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 988-0609
lsampson@lawyersforcivilrights.org


Dated:  September 4, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 4, 2020, the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent by mail to those indicated as non-registered participants on September 8, 2020.

*/s/ Patrick M. Curran, Jr.*
Patrick M. Curran, Jr.

42243729.1