UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HAITIAN-AMERICANS UNITED, INC., *et al.*,

    Plaintiffs,

v.

DONALD J. TRUMP, President of the United States in his Official Capacity, *et al.*,

    Defendants.

Civ. A. No. 1:20–cv–11421–DPW–BMS–PBS

**DEFENDANTS' MEMORANDUM REGARDING
THE PROPRIETY OF A THREE-JUDGE COURT**

At the October 16, 2020, motion hearing, the Court "raise[d] the issue of whether a three judge court is appropriate for this case" and instructed the parties "to state their respective positions on the merits . . . [of] this jurisdictional issue." Clerk's Notes, ECF No. 34. As explained below, this action must be heard and determined by a three-judge court.[1]

On October 21, 2020, Plaintiffs amended their complaint as a matter of right. ECF No. 35 ("Am. Compl."); *see* Fed. R. Civ. P. 15(a)(1)(B). "An amended complaint, once filed, normally supersedes the antecedent complaint." *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008).

---

[1] "[T]he Supreme Court has not yet formally resolved whether convening a three-judge court under [28 U.S.C.] § 2284(a) is a jurisdictional requirement." *Igartúa v. Obama*, 842 F.3d 149, 162 (1st Cir. 2016) (Toruella, J., concurring in part and dissenting in part); *see also id.* at 152 n.4. Neither has the First Circuit. *See id.* at 152 n.4. Regardless of whether § 2284 is jurisdictional, *compare, e.g.*, *Massachusetts v. Mosbacher*, 785 F. Supp. 230, 235 & n.2 (D. Mass. 1992) (Woodlock. J.), *rev'd on other grounds sub nom.*, *Franklin v. Massachusetts*, 505 U.S. 788 (1992) *with, e.g.*, *Thomas v. Reeves*, 961 F.3d 800, 804 n.5 (5th Cir. 2020) (en banc) (per curiam) (Costa, J., concurring); 17A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4235 (3d ed. 2020), it is mandatory in nature, *see Shapiro v. McManus*, 577 U.S. 39, 42–44 (2015), and requires that this action be heard and determined by a three-judge court.

"Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case." *Id.* (internal quotation marks omitted). Accordingly, the propriety of a three-judge court in this action is measured against Plaintiffs' Amended Complaint. *Cf. Alabama v. U.S. Dep't of Commerce*, No. 2:18–cv–00772–RDP, 2020 WL 5994259, at *2 (N.D. Ala. Oct. 9, 2020) ("[T]he court evaluates Plaintiffs' Motion [for the Appointment of a Three-Judge Court] based on the allegations in their amended complaint.").

Plaintiffs allege that the Presidential Memorandum at issue in this litigation "will require the Department [of Commerce] and the [Census] Bureau to use statistical sampling in the determination of population for purposes of apportionment, in violation of 13 U.S.C. § 195." Am. Compl. ¶ 11; *see also id.* ¶¶ 7, 14, 153, 154, 261, 264. Congress has provided that "[a]ny person aggrieved by the use of any statistical method in violation of . . . any provision of law . . . in connection with the 2000 or any later decennial census, to determine the population for purposes of the apportionment . . . may in a civil action obtain declaratory, injunctive, and any other appropriate relief against the use of such method." Departments of Commerce, Justice, and State, The Judiciary, and Related Agencies Appropriations Act, 1998, Pub. L. No. 105-119, § 209(b), 111 Stat. 2440, 2481 (1997) (codified at 13 U.S.C. § 141 note). And Congress further provided that any such "action . . . shall be heard and determined by a district court of three judges in accordance with section 2284 of title 28, United States Code." *Id.* § 209(e)(1), 111 Stat. at 2482.[2] *See Alabama*, 2020 WL 5994259, at *3 n.3 (noting that § 195

---

[2]  As in 28 U.S.C. § 2284, Congress provided in the 1998 Appropriation Act that the "action" shall be heard by a three-judge court. Accordingly, this three-judge Court should hear all of Plaintiffs' claims and not just their § 195 claim. *See, e.g.*, *Page v. Bartels*, 248 F.3d 175, 187–88 (3d Cir. 2001) ("A straightforward reading of the pertinent language suggests that the entire case, and not just the constitutional claims [triggering § 2284], must be heard by a three-judge court. This is because the language of § 2284 itself is broadly applicable to 'actions'—not narrowly to 'claims'—challenging the constitutionality of the apportionment."); *Thomas*, 961 F.3d at 802 n.2 (Costa, J., concurring) (explaining that "§ 2284(a) refers to 'action[s] . . . filed,' not individual claims"); Black's Law Dictionary, "Action" (11th ed. 2019) (defining "action" as "[a] civil or criminal judicial proceeding").

"allows for plaintiffs to enforce that right in a three-judge court"). Every other district court considering parallel Presidential Memorandum litigation has convened a three-judge court in part on this basis. *See Common Cause v. Trump*, No. 1:20–cv–02023–CRC, ECF No. 33 at 2 (D.D.C. Aug. 20, 2020); *City of San Jose v. Trump*, No. 20–cv–05167–LHK, ECF No. 49 at 2 (N.D. Cal. Aug. 18, 2020); *Useche v. Trump*, No. 8:20–cv–02225–PX, ECF No. at 2 (D. Md. Aug. 17, 2020); *New York v. Trump*, No. 1:20–cv–05770–JMF, ECF No. 68 at 3 (S.D.N.Y. Aug. 7, 2020).

The Court need go no further. That said, a three-judge court is also independently warranted because Plaintiffs "challeng[e] the constitutionality of the apportionment of congressional districts." 28 U.S.C. § 2284(a). Indeed, they allege that "[b]y directing the Department [of Commerce] to exclude undocumented immigrants from the basis for congressional apportionment, the President has violated Art. I, § 2, cl. 3 of the U.S. Constitution and Section 2 of the Fourteenth Amendment to the U.S. Constitution." Am. Compl. ¶ 268. To be sure, an attack on a "precursor[] to the ultimate apportionment decision[] . . . does not necessarily amount to a direct challenge to apportionment itself." *Massachusetts v. Mosbacher*, 785 F. Supp. 230, 236 (D. Mass. 1992) (Woodlock. J.), *rev'd on other grounds sub nom.*, *Franklin v. Massachusetts*, 505 U.S. 788 (1992). But the challenge at bar is not one "to census practices which will" merely "produce data on which the apportionment . . . will be based," *Fed'n for Am. Immigration Reform v. Klutznick*, 486 F. Supp. 564, 577 (D.D.C. 1980) (three-judge court), *appeal dismissed*, 447 U.S. 916 (1980)—the sort of "precursor" that may not merit a three-judge court under § 2284. Rather, Plaintiffs here challenge the Presidential Memorandum, which directly concerns the apportionment *base*. *See* Excluding Illegal Aliens From the Apportionment Base Following the 2020 Census, 85 Fed. Reg. 44,679, 44,680 (July 21, 2020). And the apportionment base is no less a part of "the apportionment," § 2284(a), than is the apportionment *formula*, which was considered

without objection by the Supreme Court on a direct appeal from a three-judge court. *See U.S. Dep't of Commerce v. Montana*, 503 U.S. 442 (1992).[3]

For both of these independent reasons, this action must be heard by a three-judge court.[4]

---

[3]  One court has stated that § 2284's "plain language"—presumably, the phrase "the apportionment"—"implies that, in order to necessitate the convening of a three-judge court, the challenge must be to an existing apportionment." *City of Phila. v. Klutznick*, 503 F. Supp. 657, 658 (E.D. Pa. 1980). Respectfully, this interpretation is not correct. Nothing in § 2284 suggests that the phrase "the apportionment" should be limited only to past apportionments. Had Congress wished to limit § 2284's application only to *existing* apportionments, it could easily have done so—by inserting the word "existing" in between "the" and "apportionment," just as the *Philadelphia* court effectively did. That Congress did not intend such a limitation is also evident from § 2284's legislative history. *Cf. Zedner v. United States*, 547 U.S. 489, 501 (2006) (confirming statutory interpretation with legislative history). The Senate Report accompanying the bill that amended § 2284 indicated that "three-judge courts would be retained . . . in *any* case *involving* congressional reapportionment." S. Rep. No. 94–204, at 1 (1975) (emphases added). In all events, the apportionment is a once-in-a-decade event and it is entirely reasonable to refer to an impending apportionment as "the apportionment." Indeed, if a newspaper headline published today were to refer to "challenges to the presidential election," a reader would most likely understand that the headline refers to the 2020 presidential election, not the 2016 presidential election. Although § 2284's requirement that a three-judge court be convened is not limited to challenges to already-existing apportionments, an action challenging an apportionment that has not yet occurred—though within the statute's scope—may involve particular claims that are not yet ripe for resolution. Plaintiffs in parallel litigation have brought such unripe claims. *See, e.g.*, *New York v. Trump*, No. 20–cv–5770, -- F. Supp. 3d --, 2020 WL 5422959, at *15 (S.D.N.Y. Sept. 10, 2020) (expressing "considerable doubt" about whether "harms stemming directly from the exclusion of illegal aliens from the apportionment base" are appropriate for adjudication before the apportionment is final), *appeal filed*, No. 20–366 (S. Ct. docketed Sept. 22, 2020); *cf. Franklin*, 505 U.S. at 790–91 (addressing post-apportionment challenge).

[4]  "[B]efore convening a three-judge court, the district court must [also] conclude that a plaintiff's claim presents 'a substantial federal question.'" *Igartúa*, 842 F.3d at 157 (quoting *Shapiro*, 577 U.S. at 44). This standard presents a "low bar." *Shapiro*, 577 U.S. at 46. "[T]o fall short of the 'substantial federal question' threshold, a claim must be 'legally speaking non-existent' or 'essentially fictitious'" in the sense that it is directly and unequivocally undermined by Supreme Court precedent. *Igartúa*, 842 F.3d at 157 (citation omitted). To be clear, Plaintiffs' challenge is completely devoid of merit. But as there is not yet a Supreme Court decision upholding the Presidential Memorandum, Plaintiffs' challenge cannot fairly be deemed "insubstantial."

4

DATED:  October 23, 2020                    Respectfully submitted,

                                                      JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JOHN V. COGHLAN
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors

/s/ Elliott M. Davis
ELLIOTT M. DAVIS
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L St. NW
Washington, DC  20005
Phone:   (202) 353-5639
Fax:     (202) 616-8470
E-mail:  elliott.m.davis@usdoj.gov

*Counsel for Defendants*

5