# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HAITIAN-AMERICANS UNITED, INC., BRAZILIAN WORKER CENTER, CHELSEA COLLABORATIVE, INC., CENTRO PRESENTE, GLADYS VEGA, NORIELIZ DEJESUS, ROY AVELLANEDA, DIEUFORT FLEURISSAINT, MARTHA FLORES, and JESSICA ARMIJO,<br><br>        Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States in his Official Capacity, UNITED STATES DEPARTMENT OF COMMERCE, UNITED STATES BUREAU OF THE CENSUS, STEVEN DILLINGHAM, Director of the U.S. Census Bureau in his Official Capacity, and WILBUR ROSS, Secretary of the Department of Commerce in his Official Capacity,<br><br>        Defendants. | Case No. 20-11421-DPW-BMS-PBS |

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiffs and Defendants jointly move this Court for an order staying this action pending the resolution of pending Supreme Court proceedings in two federal court cases: *Trump v. New York*, No. 20-366, 2020 WL 6109551 (U.S. Oct. 16, 2020) and *San Jose v. Trump*, Nos. 20-CV-05167-RRC-LHK-EMC, 20-CV-05169-RRC-LHK-EMC, --- F. Supp. 3d ---, 2020 WL 6253433, at *51 (N.D. Cal. Oct. 22, 2020) (three-judge court), *appeal filed*, No. 20–561 (S. Ct. docketed Oct. 29, 2020). A Proposed Order granting this Motion is attached hereto as Exhibit A.

As grounds for this Motion, the parties state as follows:

1.      In this action, Plaintiffs are challenging a Memorandum that President Donald J. Trump issued on July 21, 2020, titled "Excluding Illegal Aliens from the Apportionment Base Following the 2020 Census" (the "July 21 Memorandum"). Plaintiffs challenge the Memorandum on a variety of grounds, including that it purports to exclude certain persons "who are not in a lawful immigration status under the Immigration and Nationality Act" from the base for congressional apportionment, in alleged violation of the U.S. Constitution and the Census Act.  85 Fed. Reg. 44,679, 44,680 (July 23, 2020).

2.      On September 10, 2020, a three-judge court in the Southern District of New York issued an opinion and order granting partial summary judgment to the plaintiffs—who, like the Plaintiffs here, had filed an action challenging the July 21 Memorandum—on their claims that the Memorandum violates 13 U.S.C. § 141(b) and 2 U.S.C. § 2a(a) and thus is *ultra vires*, issued a declaratory judgment that the Memorandum is unlawful, and issued a permanent injunction barring the Defendants (other than President Trump) from implementing the Memorandum in certain respects. *New York v. Trump*, 20-CV-5770 (RCW) (PWH) (JMF), --- F. Supp. 3d. ---, 2020 WL 5422959, at *32-36 (S.D.N.Y. Sept. 10, 2020) (per curiam), *appeal docketed*, *Trump v. New York*, No. 20-366 (U.S. Sept. 22, 2020). On October 16, 2020, the Supreme Court issued an order scheduling oral argument in the Southern District of New York case for November 30, 2020. *See Trump v. New York*, No. 20-366, 2020 WL 6109551 (U.S. Oct. 16, 2020).

3.      On October 22, 2020, a three-judge court in the Northern District of California issued an order granting partial summary judgment to the plaintiffs in another action challenging the July 21 Memorandum. *San Jose v. Trump*, Nos. 20-CV-05167-RRC-LHK-EMC, 20-CV-05169-RRC-LHK-EMC, --- F. Supp. 3d ---, 2020 WL 6253433, at *51 (N.D. Cal. Oct. 22, 2020), *appeal filed*, No. 20–561 (S. Ct. docketed Oct. 29, 2020). That same day, the *San Jose*

court entered final judgment in favor of the plaintiffs on those claims, declaring that the July 21 Memorandum is unlawful, and permanently enjoining the Defendants (other than the President) (a) from including in the Secretary of Commerce's report to the President pursuant to Section 141(b) "any 'information permitting the President . . . to exercise the President's discretion to carry out the policy set forth in section 2'" of the July 21 Memorandum, and (b) requiring the Secretary to include in his Section 141(b) report "only '[t]he tabulation of total population by States under' Section 141(a) 'as required for the apportionment of Representatives in Congress among the several States.'" *San Jose v. Trump*, 20-cv-05167-LHK-RRC-EMC, ECF No. 102 at 3 (*quoting* July 21 Memorandum, 85 Fed. Reg. at 44,680 and 13 U.S.C. § 141(b)). On October 23, 2020, the Defendants noticed an appeal of the *San Jose* court's order and final judgment to the Supreme Court. *Id.*, ECF Nos. 103, 105. On October 29, 2020, Defendants filed their Jurisdictional Statement in that Supreme Court appeal. *See generally* Jurisdictional Statement in *Trump v. San Jose*, No. 20–561 (S. Ct. Oct. 29, 2020).

4. Both the *New York* and *San Jose* cases involve the same defendants and similar claims to those that Plaintiffs assert here. In addition, the presiding three-judge courts have granted declaratory and injunctive relief that is essentially identical to the relief that Plaintiffs seek here. The United States Supreme Court is reviewing the first of the two orders granting that relief, with oral argument scheduled for November 30, 2020, and the Defendants have noticed an appeal of the second order to the Supreme Court, and filed their Jurisdictional Statement with the Court on October 29, 2020.

5. Accordingly, a stay of the proceedings pending the Supreme Court's resolution of Defendants' appeals is warranted in the interests of judicial economy and the Parties' interests in the efficient use of their own resources.

In further support of this Motion, the Parties refer the Court to their Memorandum in Support of Joint Motion to Stay Proceedings, which has been filed with this Motion.

WHEREFORE, the parties respectfully request that the Court stay this action pending the Supreme Court's resolution of the *New York* and *San Jose* appeals, or such time, if any, that this Court may extend the stay upon motion by either party.

Respectfully submitted,

| | |
|---|---|
| **HAITIAN-AMERICANS UNITED, INC., BRAZILIAN WORKER CENTER, CHELSEA COLLABORATIVE, INC., CENTRO PRESENTE, GLADYS VEGA, NORIELIZ DEJESUS, ROY AVELLANEDA, DIEUFORT FLEURISSAINT, MARTHA FLORES, and JESSICA ARMIJO** | **DONALD J. TRUMP, President of the the United States in his Official Capacity, UNITED STATES DEPARTMENT OF COMMERCE, UNITED STATES BUREAU OF THE CENSUS, STEVEN DILLINGHAM, Director of the U.S. Census Bureau in his Official Capacity, and WILBUR ROSS, Secretary of the Department of Commerce in his Official Capacity** |
| By their attorneys, | By their attorneys, |
| */s/ Patrick M. Curran, Jr.* | */s/ Elliott M. Davis* |
| Neil V. McKittrick (BBO #551386) | Jeffrey Bossert Clark |
| Patrick M. Curran, Jr. (BBO #659322) |     Acting Assistant Attorney General |
| Anna B. Rao (BBO #703843) | Alexander K. Haas |
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |     Branch Director |
| One Boston Place, Suite 3500 | Diane Kelleher |
| Boston, MA  02110 | Brad P. Rosenberg |
| Tel: (617) 994-5700 |     Assistant Branch Directors |
| Fax: (617) 994-5701 | Elliott M. Davis |
| neil.mckittrick@ogletreedeakins.com |     Trial Attorney |
| patrick.curran@ogletreedeakins.com | Civil Division, Federal Programs Branch |
| anna.rao@ogletreedeakins.com | U.S. Department of Justice |
| | 1100 L St. NW |
| Oren Sellstrom (BBO #569045) | Washington, DC  20005 |
| Lauren Sampson (BBO #704319) | Phone: (202) 514-4336 |
| Lawyers for Civil Rights | Fax:    (202) 616-8470 |
| 61 Batterymarch Street, 5th Floor | E-mail: elliott.m.davis@usdoj.gov |
| Boston, MA 02110 | |
| (617) 988-0609 | |
| lsampson@lawyersforcivilrights.org | |

Dated:  November 2, 2020

## **CERTIFICATE OF SERVICE**

      I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                      */s/ Patrick M. Curran, Jr.*
                                      Patrick M. Curran, Jr.

44805425.1