## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ———————————————————— )<br>HAITIAN-AMERICANS UNITED, INC., )<br>BRAZILIAN WORKER CENTER, )<br>CHELSEA COLLABORATIVE, INC., )<br>CENTRO PRESENTE, )<br>GLADYS VEGA, NORIELIZ DEJESUS, )<br>ROY AVELLANEDA, DIEUFORT )<br>FLEURISSAINT, MARTHA FLORES, )<br>and JESSICA ARMIJO, )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>DONALD J. TRUMP, President of the )<br>United States in his Official Capacity, )<br>UNITED STATES DEPARTMENT OF )<br>COMMERCE, UNITED STATES )<br>BUREAU OF THE CENSUS, STEVEN )<br>DILLINGHAM, Director of the U.S. )<br>Census Bureau in his Official Capacity, )<br>and WILBUR ROSS, Secretary of the )<br>Department of Commerce in his Official )<br>Capacity, )<br> )<br>Defendants. )<br>————————————————————) | Case No. 20-11421-DPW-BMS-PBS |

## MEMORANDUM IN SUPPORT OF JOINT MOTION TO STAY PROCEEDINGS

By accompanying Motion, all of the Parties jointly move for an order temporarily staying the proceedings in this action pending the resolution of the appellate proceedings pending in two federal court cases: *Trump v. New York*, No. 20-366, 2020 WL 6109551 (U.S. Oct. 16, 2020) and *San Jose v. Trump*, Nos. 20-CV-05167-RRC-LHK-EMC, 20-CV-05169-RRC-LHK-EMC, --- F. Supp. 3d ---, 2020 WL 6253433, at *51 (N.D. Cal. Oct. 22, 2020) (three-judge court), *appeal filed*, No. 20–561 (S. Ct. docketed Oct. 29, 2020). Both the *New York* and *San Jose* cases involve the same defendants and similar claims to those that Plaintiffs assert here. In addition, the

1

presiding three-judge courts have granted declaratory and injunctive relief that is essentially identical to the relief that Plaintiffs seek here. The United States Supreme Court is reviewing the first of the two orders granting that relief, with oral argument scheduled for November 30, 2020, and the Defendants have noticed an appeal of the second order to the Supreme Court, and filed their Jurisdictional Statement with the Court on October 29, 2020. Accordingly, the interests of judicial economy and the Parties' interests in the efficient use of their own resources militate in favor of an order staying these proceedings pending the Supreme Court's resolution of Defendants' appeals.

### Background

On July 21, 2020, President Donald Trump issued a memorandum to the Secretary of Commerce entitled "Excluding Illegal Aliens from the Apportionment Base Following the 2020 Census" ("the July 21 Memorandum"). 85 Fed. Reg. 44,679 (July 23, 2020). In the July 21 Memorandum, the President stated that it is the "policy of the United States to exclude from the apportionment base aliens who are not in a lawful immigration status under the Immigration and Nationality Act . . . to the maximum extent feasible and consistent with the discretion delegated to the executive branch." *Id.*, §2 at 44,680. The President also directed the Secretary of Commerce to "take all appropriate action, consistent with the Constitution and other applicable law," "[i]n preparing his report to the President under section 141(b) of title 13, United States Code" (that is, "[t]he tabulation of total population by States . . . as required for the apportionment of Representatives in Congress among the several States," 13 U.S.C. § 141(b)) "to provide information permitting the President, to the extent practicable, to exercise the President's discretion to carry out the policy set forth" in the July 21 Memorandum. 85 Fed. Reg. 44,679, § 3 at 44,680.

On July 27, 2020, Plaintiffs filed a Complaint in this action challenging the legality of the July 21 Memorandum on a variety of constitutional and statutory grounds. *See* ECF No. 1. On October 21, 2020, Plaintiffs filed their First Amended Complaint, in which they added allegations concerning (among other things) intrastate and interstate apportionment harms allegedly caused by the July 21 Memorandum, and leveled causes of action against the Defendants asserting (1) violation of Sections 706(2)(A)-(D) of the APA; (2) violation of Article I, § 2, cl. 3 of the Constitution and 13 U.S.C. § 195; (3) violation of Article I, § 2, cl. 3 and the Fourteenth Amendment, § 2; (4) violation of 13 U.S.C. § 141(b); (5) violation of 2 U.S.C. § 2a, and (6) violation of the Equal Protection Clause of the Fourteenth Amendment (made applicable to the federal government via the Due Process Clause of the Fifth Amendment). *See* ECF No. 35 at ¶¶ 197-297.

Meanwhile, on September 10, 2020, a three-judge court in the Southern District of New York issued an opinion and order granting partial summary judgment to the plaintiffs—who, like the Plaintiffs here, had filed an action challenging the July 21 Memorandum—on their claims that the Memorandum violates Section 141(b) and Section 2a(a) and thus is *ultra vires*, issued a declaratory judgment that the Memorandum is unlawful, and issued a permanent injunction barring the Defendants (other than President Trump) from implementing the Memorandum in certain respects. *New York v. Trump*, 20-CV-5770 (RCW) (PWH) (JMF), --- F. Supp. 3d. ---, 2020 WL 5422959, at *32-36 (S.D.N.Y. Sept. 10, 2020) (per curiam), *appeal docketed*, *Trump v. New York*, No. 20-366 (U.S. Sept. 22, 2020).[1] The Defendants appealed the Southern District of

---

[1] The three-judge court in the *New York* case also rejected certain of the Defendants' justiciability arguments. 2020 WL 5422959, at *9-23.

New York's order to the Supreme Court per 28 U.S.C. § 1253.[2]  On October 16, 2020, the Supreme Court issued an order scheduling oral argument in the *New York* appeal for November 30, 2020. *See Trump v. New York*, No. 20-366, 2020 WL 6109551 (U.S. Oct. 16, 2020).

On October 22, 2020, a three-judge court in the Northern District of California issued an order granting partial summary judgment to the plaintiffs in another action challenging the July 21 Memorandum. *San Jose v. Trump*, Nos. 20-CV-05167-RRC-LHK-EMC, 20-CV-05169-RRC-LHK-EMC, --- F. Supp. 3d ---, 2020 WL 6253433, at *51 (N.D. Cal. Oct. 22, 2020). The *San Jose* court granted summary judgment to the plaintiffs not only on their claims that the Memorandum violates Sections 141(b) and 2a(a), but also on their claims that the Memorandum violates the Constitution—specifically, Section 2 of Article I and Section 2 of the Fourteenth Amendment. *See id.* at *25-49.[3] That same day, the *San Jose* court entered final judgment in favor of the plaintiffs on those claims, declaring that the July 21 Memorandum is unlawful, and permanently enjoining the Defendants (other than the President) (a) from including in the Secretary of Commerce's report to the President pursuant to Section 141(b) "any 'information permitting the President . . . to exercise the President's discretion to carry out the policy set forth in section 2'" of the July 21 Memorandum, and (b) requiring the Secretary to include in his Section 141(b) report "only '[t]he tabulation of total population by States under' Section 141(a) 'as required for the apportionment of Representatives in Congress among the several States.'" *San Jose v. Trump*, 20-cv-05167-LHK-RRC-EMC, ECF No. 102 at 3 (quoting July 21 Memorandum, 85 Fed. Reg. at 44,680 and 13 U.S.C. § 141(b)) (copy attached at Tab 1). On

---

[2] The Defendants also filed a motion with the three-judge court for a stay of its order pending the appeal, which the court denied on September 29, 2020. *See id.*; *see also New York v. Trump*, 20-CV-5770 (RCW (PWH) (JMF), 2020 WL 5796815 (S.D.N.Y. Sept. 29, 2020).

[3] The three-judge court in the *San Jose* action also rejected certain of the Defendants' justiciability arguments. 2020 WL 6253433, at *14-25.

October 23, 2020, the Defendants noticed an appeal of the *San Jose* court's order and final judgment to the Supreme Court. *Id.*, ECF Nos. 103, 105. On October 29, 2020, Defendants filed their Jurisdictional Statement in that Supreme Court appeal. *See generally* Jurisdictional Statement in *Trump v. San Jose*, No. 20–561 (S. Ct. Oct. 29, 2020).

## Argument

This Court has broad discretion to stay the proceedings pending before it. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Rojas v. Demos*, Case No. 3:19-cv-10459-MGM, 2020 WL 5100229, at *1 (D. Mass. Aug. 21, 2020). This discretion is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see Thakkar v. United States*, 389 F. Supp. 3d 160, 171 (D. Mass. 2019). In appropriate cases, a stay of proceedings acts "as an invaluable tool to conserve party and judicial resources, and to avoid inconsistent procedural and legal rulings." *Ramos-Martír v. Astra Merck, Inc.*, No. 05-2038 (PG), 2005 WL 3088372, at *1 (D.P.R. Nov. 16, 2005).

In determining whether to issue a stay of proceedings, the Court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. In seeking to strike this balance, courts generally consider (1) how the parties' interests will be affected by a stay, including in particular any prejudice to the non-moving party, and (2) the court's interest in judicial economy. *See, e.g.*, *Alves v. Prospect Mortgage, LLC*, 2013 WL 5755465, at *2 (D. Mass. Oct. 22, 2013). When a stay is requested early in the case, and relatively few judicial and party resources have been expended, "the Court's interest in preserving judicial and party resources should be more prominent." *Ramos-Martír*, 2005 WL 3088372, at *1.

The application of these factors justifies a stay pending resolution of the issues presented on appeal of the *New York* and *San Jose* cases. First, the Parties here are moving jointly for a stay, and thus have determined that none of them will suffer prejudice or other adverse effects if the Court enters the stay as requested. Second, a stay will serve the interests of judicial economy because many of the legal issues that the Court would be required to address and resolve in the absence of a stay may be resolved definitively by the Supreme Court. And given the Supreme Court's decision to expedite the *New York* appeal, *see Trump v. New York*, -- S. Ct. --, 2020 WL 6109551, at *1 (Oct. 16, 2020); *Trump v. New York*, -- S. Ct. --, 2020 WL 5807817, at *1 (Sept. 30, 2020), the Parties would expect the Court to decide these appeals within the next two months. *See* 13 U.S.C. § 141(b) (requiring that the Secretary of Commerce complete the "tabulation of total population by States" and report it to the President "within 9 months after" April 1, i.e., before January 1). As the Supreme Court may resolve the issues presented in this action before the end of the year, and as motion-to-dismiss briefing on Plaintiffs' First Amended Complaint likely would not conclude before December, the Parties submit that the interests of judicial economy and conservation of Party resources militate in favor of a stay. *See, e.g.*, *Cardoso v. City of Brockton*, Civil Action No. 09-10701-DPW, 2012 WL 992096, at *1 (D. Mass. Mar. 23, 2012) (entering stay of proceedings pending the Supreme Court's ruling on a "core issue" in the case before the court); *see also Robledo v. Randstad US, L.P.*, Case No. 17-cv-01003-BLF, 2017 WL 49344205, at *4-5 (N.D. Cal. Nov. 1, 2017) (granting defendants' motion for stay in part because the Supreme Court's decision in a case pending before it "could be dispositive of whether Plaintiffs' claims should be litigated or arbitrated"; thus, "granting a stay would conserve judicial resources that would otherwise be unnecessarily expended"); *Afifi v. Holder*, Civil Action No. 11-00460 (BAH), 2011 WL 1373588, at *1 (D.D.C. Sept. 12, 2011)

(granting plaintiff's motion to stay where, depending on the outcome of another case pending before the Supreme Court, "the Court may avoid the need to rule on" certain issues in the case before it).

## Conclusion

For all of the foregoing reasons, the Parties respectfully request that the Court grant their Joint Motion and enter an Order staying the proceedings in this action pending the Supreme Court's resolution of the *New York* and *San Jose* appeals.

Respectfully submitted,

**HAITIAN-AMERICANS UNITED, INC.,**
**BRAZILIAN WORKER CENTER,**
**CHELSEA COLLABORATIVE, INC.,**
**CENTRO PRESENTE, GLADYS VEGA,**
**NORIELIZ DEJESUS, ROY**
**AVELLANEDA, DIEUFORT**
**FLEURISSAINT, MARTHA FLORES,**
**and JESSICA ARMIJO**

**DONALD J. TRUMP, President of the**
**the United States in his Official Capacity,**
**UNITED STATES DEPARTMENT OF**
**COMMERCE, UNITED STATES**
**BUREAU OF THE CENSUS, STEVEN**
**DILLINGHAM, Director of the U.S.**
**Census Bureau in his Official Capacity,**
**and WILBUR ROSS, Secretary of the**
**Department of Commerce in his Official**
**Capacity**

By their attorneys,

By their attorneys,

*/s/ Patrick M. Curran, Jr.*
Neil V. McKittrick (BBO #551386)
Patrick M. Curran, Jr. (BBO #659322)
Anna B. Rao (BBO #703843)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Boston Place, Suite 3500
Boston, MA  02110
Tel: (617) 994-5700
Fax: (617) 994-5701
neil.mckittrick@ogletreedeakins.com
patrick.curran@ogletreedeakins.com
anna.rao@ogletreedeakins.com

Oren Sellstrom (BBO #569045)
Lauren Sampson (BBO #704319)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 988-0609
lsampson@lawyersforcivilrights.org

*/s/ Elliott M. Davis*
Jeffrey Bossert Clark
        Acting Assistant Attorney General
Alexander K. Haas
        Branch Director
Diane Kelleher
Brad P. Rosenberg
        Assistant Branch Directors
Elliott M. Davis
        Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L St. NW
Washington, DC  20005
Phone: (202) 514-4336
Fax:     (202) 616-8470
E-mail: elliott.m.davis@usdoj.gov

Dated:  November 2, 2020

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Patrick M. Curran, Jr.*
Patrick M. Curran, Jr.

44805457.1

9