# EXHIBIT B

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JOHN V. COGHLAN
Deputy Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
M. ANDREW ZEE
ALEXANDER V. SVERDLOV
STEPHEN EHRLICH
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*, | Case No. 5:20-cv-05799-LHK |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION; MOTION FOR STAY OF PROCEEDINGS** |
| v. | Date: December 17, 2020 |
| WILBUR L. ROSS, JR., *et al.*, | Time: 1:30 p.m. |
| Defendants. | Judge: Hon. Lucy H. Koh |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that Defendants, by and through their counsel, hereby move to stay proceedings in this case until appellate review of this Court's preliminary injunction is concluded, and the Census Bureau completes the 2020 Census. Defendants respectfully request that this motion be heard on December 17, 2020, at 1:30 p.m., or at the Court's next available date thereafter. Counsel for Defendants conferred with counsel for Plaintiffs concerning the relief sought in this motion; Plaintiffs oppose the relief sought.

# MEMORANDUM OF POINTS AND AUTHORITIES

Since the United States Supreme Court issued its order staying this Court's preliminary injunction, *Ross v. National Urban League*, --- S.Ct. ---, 2020 WL 6041178 (Oct. 13, 2020), four weeks ago, Defendants have focused their energies on the appeal of that injunction before the Ninth Circuit—which is the logical next step in this litigation. The appeal is pending, and the census reporting deadline is approaching. To avoid an unnecessary expenditure of resources on the part of the Court and the parties, and to prevent improper disruptions to the Census Bureau's work, Defendants respectfully request that this Court issue an order staying all district court proceedings in this case until Defendants' appeal of this Court's preliminary injunction is resolved and the Bureau completes the 2020 census.[1]

Resolution of Defendants' appeal is likely to provide substantial guidance to this Court and the parties regarding the viability of Plaintiffs' legal theories and the ultimate availability of relief—as the Supreme Court's and the Ninth Circuit's stay orders already have. Likewise, the President's final tabulation of apportionment figures, and ultimately the Bureau's release of granular census-block data under 13 U.S.C. § 141(c), will reveal whether Plaintiffs could possibly have suffered the injuries they allege. Given that resolution of the appeal and the apportionment data can be expected within several months, it would be highly inefficient for the Court and the

---

[1] In conjunction with this motion, Defendants are also filing a motion to dismiss Plaintiffs' Second Amended Complaint for lack of subject-matter jurisdiction. Defendants maintain that this Court can dispose of this entire case now, on the grounds Defendants articulate in that motion. Nevertheless, given the clarity that will likely be provided by the Court of Appeals and the Bureau's completion of the census, Defendants believe that a stay of proceedings will ultimately simplify resolution of that motion, and therefore prove a more efficient course.

DEFENDANTS' NOTICE OF MOTION;
MOTION FOR STAY OF PROCEEDINGS
Case No. 5:20-cv-05799-LHK

1

1 parties to expend resources litigating this case, only to discover from an appellate court that Plaintiffs' claims are foreclosed as a legal matter, or that Plaintiffs cannot show any injury from the procedures the Bureau employed.

Crucially, a stay of proceedings will not harm Plaintiffs. The Supreme Court's stay order ended Plaintiffs' efforts to preclude the Census Bureau from its ongoing efforts to meet its statutory obligations under the Census Act, including the end-of-year deadline in 13 U.S.C. § 141(b). That order counsels against the issuance of any supervening judicial remedy before the Bureau completes its work, as the statute requires. Further, any purported injury that Plaintiffs allegedly suffer could be litigated and redressed after that point, as the Supreme Court has previously recognized. *See*, *e.g.*, *Utah v. Evans*, 536 U.S. 452 (2002) (considering post-apportionment challenge to hot-deck imputation). By contrast, restarting district court proceedings in this matter *would* cause hardship to the Bureau, which would be forced to litigate this case on a fast-track basis in under two months at a time when all of its available resources must be devoted to completing the census.

## **PROCEDURAL HISTORY**

Plaintiffs filed this action on August 18, 2020, and amended their Complaint on September 1, 2020. ECF Nos. 1, 61. Plaintiffs sought, and on September 24, 2020, obtained, a preliminary injunction that prevented Defendants from implementing two deadlines the Bureau established to meet the statutory deadline for reporting census results under 13 U.S.C. § 141: the "September 30, 2020 deadline for the completion of data collection and [the] December 31, 2020 deadline for reporting the tabulation of the total population to the President." ECF No. 208 at 78. On October 1, 2020, this Court clarified its prior preliminary injunction, and instated by Court order the deadlines of "October 31, 2020 for the completion of data collection and April 30, 2021 for reporting the tabulation of total population to the President." ECF No. 288 at 14.

Defendants appealed the Court's rulings, and sought expedited relief in the form of a stay of the preliminary injunction. ECF No. 210. On September 30, 2020, a divided panel of the Ninth Circuit denied an administrative stay of the preliminary injunction. *Nat'l Urban League v. Ross*, 977 F.3d 698 (9th Cir. 2020), ECF No. 277 (*NUL I*). Judge Bumatay dissented. He concluded not

only that a stay would be warranted, but that Plaintiffs' action was not justiciable. *Id.* at 23.[2] On October 7, 2020, the Ninth Circuit granted a partial stay of the preliminary injunction. *Nat'l Urban Leage v. Ross*, 977 F.3d 770 (9th Cir. 2020), ECF No. 320 (*NUL II*). Although the panel declined to modify this Court's directive that the Bureau continue field operations through October 31, 2020, it stayed that part of the Court's clarified preliminary injunction that would have required the Secretary and the Bureau to report the tabulation in April 2021, which would have been after the statutory deadline of December 31, 2020. *Id.* at 18-21. The panel observed that even if "data processing cannot be completed by December 31 as a practical matter, that does not mean that missing the putative statutory deadline should be required by a court. Serious separation of powers concerns arise when a court seeks to override a congressional directive to an Executive Branch agency." *Id.* at 20.

On October 13, 2020, the Supreme Court granted Defendants' application for a stay. *Ross v. Nat'l Urban League*, --- S. Ct. ---, 2020 WL 6041178 (Oct. 13, 2020). Unlike the Ninth Circuit, and over a dissent from Justice Sotomayor, the Supreme Court stayed the preliminary injunction in full pending disposition of the appeal in the Ninth Circuit. Plaintiffs subsequently filed a statement in this Court indicating that, while they did not intend to seek further preliminary relief, they wished to present the case for disposition by December 24, 2020. ECF 344 at 3–4. Plaintiffs subsequently filed their Second Amended Complaint on October 27, 2020, with the Court's leave. *See* 2d Am. Compl., ECF No. 352 (SAC).

## STANDARD OF REVIEW

A district court "has discretionary power to stay proceedings in its own court," *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005), to preserve "economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Three factors guide the court's discretion. First, a court assesses how a stay will (or will not) promote judicial economy, "measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Lockyer*, 398 F.3d at 1110. Second, a court considers the harm that may result if the stay is

---

[2] Defendants' citations to the Ninth Circuit opinions in this case are to the slip opinions on the district court ECF docket.

DEFENDANTS' NOTICE OF MOTION;
MOTION FOR STAY OF PROCEEDINGS
Case No. 5:20-cv-05799-LHK

3

1 granted. *Id.* Third, a court weighs the possible hardship to the movant if the case is permitted to
2 proceed. *Id.*; *see also, e.g.*, *Manriquez v. DeVos*, No. 17-7210, 2018 WL 5316174, at *2 (N.D.
3 Cal. Aug. 30, 2018) (granting stay of proceedings pending appeal of preliminary injunction). The
4 movant bears the burden of showing a stay is warranted, *Clinton v. Jones*, 520 U.S. 681, 708 (1997)
5 (citing *Landis*, 299 U.S. at 255), but courts frequently grant stays pending resolution of
6 proceedings that may "bear upon the case," because such stays are most "efficient for [the Court's]
7 own docket and the fairest course for the parties," *Levya v. Certified Grocers of Cal., Ltd.*, 593
8 F.2d 857, 863 (9th Cir. 1979).

## ARGUMENT

All three factors favor staying district court proceedings in this matter.

1. At the outset, a stay of proceedings in this Court until Defendants' appeal of the preliminary injunction is resolved and the Bureau completes the 2020 Census will promote judicial economy by avoiding an unnecessary expenditure of the Court's and the parties' resources.

As the Court is aware, Defendants have raised numerous threshold arguments in this matter. Chief among these are questions about whether the type of claims Plaintiffs have presented are suitable for resolution by Article III tribunals; whether Plaintiffs have suffered the kind of concrete, traceable, and redressable injuries that would give them standing to pursue those claims; and whether the type of agency action they challenge can be evaluated under the standards of the Administrative Procedure Act. *See generally* Defs.' Mot. Dismiss Pls' SAC, ECF No. 354 (MTD). Defendants have also presented those threshold legal defenses in their opening merits brief in the Ninth Circuit. Because these legal questions will inevitably bear upon the Court's power to entertain this lawsuit and enter a remedy, the Ninth Circuit will have to consider them in evaluating the government's appeal. *See, e.g.*, *NUL I* (dissent) at 5-19 (Bumatay, J., dissenting) (discussing threshold jurisdictional questions as bearing upon Plaintiffs' likelihood of success on the merits).

Consideration of those issues on appeal will have significant, if not dispositive, impact on the resolution of this case. In their Second Amended Complaint, Plaintiffs have neither altered their legal theories nor added new claims for relief. *Compare* SAC ¶¶ 465, 474-75, 479-83 *with* Am. Compl., ECF No. 61, ¶¶ 340-70. Rather, Plaintiffs have only added new factual allegations

DEFENDANTS' NOTICE OF MOTION;
MOTION FOR STAY OF PROCEEDINGS
Case No. 5:20-cv-05799-LHK

4

to purportedly buttress their original claims that Defendants' adoption and implementation of the Replan violate the Enumeration Clause and is arbitrary and capricious under the APA. *See* SAC ¶¶ 465, 474-75. Many of these factual allegations largely repeat the type of complaints that Defendants have already addressed via a slew of sworn declarations from Bureau officials. *See generally* MTD at 16. But regardless, these allegations do not change the legal framework of the case, and it would be wasteful to adjudicate them while appellate consideration of the same issues is ongoing. *See Hawai'i v. Trump*, 233 F. Supp. 3d 850, 855 (D. Haw. 2017) ("Because many of the . . . legal arguments . . . are presently before the Ninth Circuit, it makes little sense to expend the resources necessary for a full presentation of those same issues in this forum while awaiting guidance from the appellate court. The more efficient course is to await a pronouncement from the governing appellate bodies, at which point the bulk of the determinative issues may very well be settled in most material respects."); *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017) ("[I]t would waste judicial resources to decide these issues here when guidance from the Ninth Circuit is likely to be available soon."). For this reason alone, judicial economy will be well-served by a stay of proceedings. *See, e.g.*, *Manriquez*, 2018 WL 5316174 at *3 (staying proceedings pending appeal of a preliminary injunction in an APA case).

Indeed, appellate proceedings in this case have *already* provided substantial guidance indicating that a stay of proceedings in this matter is appropriate. The Ninth Circuit's October 7, 2020, order—which stayed the portion of the injunction prohibiting Defendants from attempting to comply with their statutory obligation to report census results to the President by the end of the year—made clear that the statutory deadline (a) is not merely advisory but rather is an essential element of how Congress exercised its constitutional power to direct the census, (b) is binding on Defendants, and (c) is not to be disturbed by the Judicial Branch. *NUL II* at 20-21. As the Ninth Circuit panel explained, "[s]erious separation of powers concerns arise when a court seeks to override a congressional directive to an Executive Branch agency." *Id.* (citing *Wisconsin v. City of New York*, 517 U.S. 1, 17 (1996)). These points were further endorsed by the Supreme Court's subsequent issuance of a full stay, which permitted the Bureau to conclude data collection at the appropriate juncture, and removed the court-ordered requirement that the Bureau remain in the

DEFENDANTS' NOTICE OF MOTION;
MOTION FOR STAY OF PROCEEDINGS
Case No. 5:20-cv-05799-LHK

5

1 field until the end of October—a requirement that the Ninth Circuit agreed was a serious obstacle
2 to the Bureau meeting the statutory deadline. *See NUL II* at 17. The Supreme Court's stay order—
3 like its previous stay orders in *Klutznick v. Carey*, 449 U.S. 1068, 1068 (1980) and *Klutznick v.*
4 *Young*, No. A-533 (Dec. 24, 1980)—indicates that the Judicial Branch should not impede
5 Defendants' ongoing efforts to complete the census and to meet the statutory deadline to the best
6 of their ability. Under the logic of the Supreme Court's orders, it would be improper for this Court
7 to proceed to enter relief before the Bureau submits its report under 13 U.S.C. § 141, as Plaintiffs
8 evidently desire. *See* ECF 344 at 3 (stating that Plaintiffs are "focused on seeking an order from
9 the Court . . . before the Secretary provides any state population counts to the President").

10 Meanwhile, awaiting the completion of the census and the reports required under 2 U.S.C.
11 § 2a and 13 U.S.C. § 141(b), will clarify the issues in this case by revealing whether Plaintiffs
12 have, in fact, any basis to assert the kind of injury they plead in their Second Amended Complaint.
13 *See generally* SAC ¶¶ 430-453. In particular, the President's report of the apportionment numbers
14 to Congress under § 2a will reveal whether Plaintiffs, at the State level, have suffered any
15 diminution of Congressional representation, as they currently allege. *See* SAC ¶¶ 442-448. That
16 is, in fact, the earliest point in time when any potential injury to Plaintiffs could possibly be known.
17 Ultimately, the Bureau's subsequent release of the redistricting data as required under 13 U.S.C.
18 § 141(c) may provide a baseline to evaluate whether, at the local level, Plaintiffs' communities
19 have suffered any kind of differential undercount, as Plaintiffs allege they will. *See, e.g.*, SAC ¶
20 429. Of course, as Defendants have previously explained, census accuracy is not a cognizable
21 legal standard, and Plaintiffs' evaluation of the census data should not ultimately give them any
22 cognizable ground for relief. *See, e.g.*, MTD at 5-10. But because the existence of a differential
23 undercount is an indispensable part of any conceivable claim to standing, a stay would dispense
24 with speculation and establish the apportionment results as a baseline against which some portion
25 of Plaintiffs' alleged injuries can be assessed. Doing otherwise is not only likely to embroil the
26 Court in potentially unnecessary and difficult litigation, but also risks creating interim rulings that
27 would potentially impede the Census Bureau's efforts to meet the statutory deadlines imposed by
28

DEFENDANTS' NOTICE OF MOTION;
MOTION FOR STAY OF PROCEEDINGS
Case No. 5:20-cv-05799-LHK

6

1  Congress. And any interim rulings may spawn only further litigation. Respectfully, the Court and
2  the parties would be better served by forgoing such an exercise.

3      2.    For similar reasons, Plaintiffs will not be harmed by a stay. The Supreme Court's
4  order staying this Court's previous injunction makes clear that Plaintiffs are not entitled to interfere
5  with the Bureau's work to complete the 2020 census. Accordingly, there is no meaningful relief
6  that Plaintiffs can obtain between now and the Bureau's completion of the census. And, as
7  Defendants previously explained, there is no reason to expect that Plaintiffs could not obtain other
8  relief after the Bureau completes its work. *See NUL II* at 20. The possibility of such a post-census
9  remedy has been consistently recognized by the Supreme Court in its various census decisions,
10 and there is no reason to believe that it would be unavailable here. *See, e.g.*, *Wisconsin*, 517 U.S.
11 1; *Utah*, 536 U.S. 452. The Ninth Circuit itself assumed such relief would be available when it
12 stayed the requirement that the Bureau delay completion of the census. *See NUL II* at 20
13 (observing that in the event of a ruling adverse to the Bureau after it completes the census, "existing
14 data can be reprocessed"). By contrast, any effort to impose a judicial remedy while data
15 processing is ongoing would, yet again, threaten to embroil this Court in the day-to-day
16 management of census operations and potentially compromise the Bureau's efforts to comply with
17 the statutory deadline—something that the Supreme Court's stay indicates would be improper.

18 Moreover, a stay is not likely to last more than a few months. Ninth Circuit rules provide
19 for expedited consideration of appeals of preliminary injunctions. *See* Ninth Circuit Rule 3-3;
20 Ninth Circuit Rule 34-3; *see also* 28 U.S.C. § 1657(a) ("[T]he court shall expedite the
21 consideration of . . . any action for temporary or preliminary injunctive relief."). The Ninth Circuit
22 and the Supreme Court have already acted expeditiously on the government's motions to stay the
23 preliminary injunction, and there is every reason to expect that the underlying appeal of the
24 injunction will be resolved with appropriate expedition as well. Briefing in the Ninth Circuit is
25 presently scheduled to conclude by December 11, 2020. Meanwhile, the Bureau has stated
26 publicly that it is working to issue its report pursuant to 13 U.S.C. § 141(b) as close to the statutory
27 deadline of December 31, 2020 as possible. Such a brief stay is not prejudicial.

28

DEFENDANTS' NOTICE OF MOTION;
MOTION FOR STAY OF PROCEEDINGS
Case No. 5:20-cv-05799-LHK

7

3. By contrast, Defendants are likely to be harmed if district court proceedings are re-started at this juncture. To the extent Plaintiffs would seek to have the Court adjudicate the purported accuracy of the census before its actual completion, such adjudication would be burdensome and premature. *Id.* As noted above, speculation about the "accuracy" of the census can be avoided altogether simply by awaiting its completion, which will show the *actual* results. And such adjudication will be entirely unnecessary if Defendants prevail on their threshold legal arguments. *See, e.g.*, *Richards v. Ernst & Young LLP*, No. 08-4988, 2012 WL 92738, at *3-4 (N.D. Cal. Jan. 11, 2012) (granting stay because serious burden, including discovery, would be avoided if defendants won on appeal).

Further, Plaintiffs appear to envision expedited litigation with the goal of having the Court enter judgment before the end of December. Such litigation would be extremely disruptive, as evidenced by the prior course of proceedings in this matter. Simply put, litigating census procedures while the Bureau is in the middle of finishing the census burdens employees at a time when their work is most crucial. *See, e.g.*, ECF No. 260-1 ¶ 14, ECF No. 278-1 ¶ 9 (declarations of James T. Christy noting that Bureau officials had devoted more than 108 staff hours to efforts related to the litigation). This Court should ensure that further activity in this case does not further derail ongoing census operations.

Taken together, these considerations all favor staying this case until after the Bureau completes the 2020 Census and the President reports the apportionment results under 2 U.S.C. § 2a, or until Defendants' appeal of the preliminary injunction is fully resolved, whichever is later. Such a stay will not prejudice Plaintiffs, given that the Bureau expects to complete the census in a matter of months and that the appeal is proceeding on an expedited basis.

DEFENDANTS' NOTICE OF MOTION;
MOTION FOR STAY OF PROCEEDINGS
Case No. 5:20-cv-05799-LHK

8

| | | |
|---|---|---|
| DATED: November 10, 2020 | | Respectfully submitted, |

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JOHN V. COGHLAN
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel to the Assistant
 Attorney General

ALEXANDER K. HAAS
Branch Director

DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors

*/s/ Alexander V. Sverdlov*
ALEXANDER V. SVERDLOV
 (New York Bar No. 4918793)
STEPHEN EHRLICH
M. ANDREW ZEE
Trial Attorneys
U.S. Department of Justice
Civil Division - Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0550

*Attorneys for Defendants*

DEFENDANTS' NOTICE OF MOTION;
MOTION FOR STAY OF PROCEEDINGS
Case No. 5:20-cv-05799-LHK

9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

NATIONAL URBAN LEAGUE, *et al.*,

Plaintiff,

v.

WILBUR L. ROSS, JR., *et al.*,

Defendants.

Case No. 5:20-cv-05799-LHK

**[PROPOSED] ORDER**

Upon consideration of Defendants' Motion for Stay of Proceedings, and upon due consideration, it is hereby

ORDERED that Defendants' motion is GRANTED; and it is further

ORDERED that all proceedings in this matter are stayed until the President transmits to Congress the report required under 2 U.S.C. § 2a, or until Defendants' appeal of the preliminary injunction is fully resolved, whichever is later.

IT IS SO ORDERED.

Date:_____       _____

LUCY H. KOH

United States District Judge