# EXHIBIT A

No. 20-561

_____
_____

IN THE SUPREME COURT OF THE UNITED STATES

_____

DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES, ET AL.,
APPELLANTS

v.

CITY OF SAN JOSE, ET AL.

_____

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

_____

MOTION FOR EXPEDITED CONSIDERATION OF THE
JURISDICTIONAL STATEMENT AND WAIVER OF THE 14-DAY
WAITING PERIOD FOR DISTRIBUTION

_____

The Acting Solicitor General, on behalf of appellants Donald J. Trump, President of the United States, et al., hereby moves, pursuant to Supreme Court Rule 21, for expedited consideration of the jurisdictional statement in the above-captioned case. Pursuant to Supreme Court Rule 18.7, the government also expressly waives the 14-day waiting period for distribution of this case to the Court.

On October 22, 2020, the three-judge district court below entered a judgment barring the Secretary of Commerce from including information requested by the President about the immigration status of individuals in a report concerning the enumeration for

2

purposes of apportionment of Representatives; the report has a statutory deadline of December 31, 2020. See J.S. App. 130a-131a; 13 U.S.C. 141(b). The jurisdictional statement in the above-captioned case was filed on October 29, 2020, and appellees' motion to affirm or dismiss is due on November 30, 2020. The government has requested that the Court hold the jurisdictional statement in this case pending its disposition of Trump v. New York, No. 20-366 (oral argument scheduled for Nov. 30, 2020), and then dispose of it as appropriate in light of the Court's decision in that case. New York involves the same questions presented as does the jurisdictional statement in this case. This Court expedited its plenary consideration of New York and set oral argument for November 30, which would allow resolution of those questions before the December 31 statutory deadline.

This Court likewise should expedite its consideration of this appeal. After appellees file their motion to affirm or dismiss on or before November 30, 2020, the Court should distribute the case on its next distribution date for paid cases, which we understand to be December 2, 2020. And once the Court issues its decision in New York, it should promptly dispose of this appeal in light of the Court's decision in that case. Specifically, if this Court were to reverse or vacate the judgment in New York, prompt vacatur of the judgment here (and the one in Trump v. Useche, No. 20-662 (jurisdictional statement filed Nov. 13, 2020)) would be

3

appropriate and necessary to permit the Secretary to comply with the presidential directive, and such action would not be possible on the ordinary schedule for conferencing this case absent expedition.

In response to the government's inquiry, counsel for appellees has informed us that with respect to the government's request to waive the 14-day waiting period for distribution of this case to the Court, appellees do not oppose the jurisdictional statement's being distributed on the next distribution date for paid cases after appellees' responses are filed. With respect to the government's motion to expedite, appellees have no objection to the Court's prompt resolution of the government's jurisdictional statement but believe that any timeframe for decision should allow the parties an opportunity to file a supplemental brief under Rule 18.10 addressing the ramifications of the New York decision should they conclude such a brief would be helpful to the Court. The government has no objection to appellees' filing a supplemental brief if time permits, but especially because New York and this case clearly rise or fall together, any such briefing should not interfere with a prompt disposition of this case following the decision in New York. See J.S. 10-12.

4

\* \* \* \*

The government respectfully requests that the Court expedite consideration of the government's jurisdictional statement and dispose of it promptly after the disposition of the appeal in <u>New York</u>.

Respectfully submitted.

> JEFFREY B. WALL
> <u>Acting Solicitor General</u>

NOVEMBER 2020