# EXHIBIT E

| | |
|---|---|
| LATHAM & WATKINS LLP<br>  Sadik Huseny (Bar No. 224659)<br>    sadik.huseny@lw.com<br>  Steven M. Bauer (Bar No. 135067)<br>    steven.bauer@lw.com<br>  Amit Makker (Bar No. 280747)<br>    amit.makker@lw.com<br>  Shannon D. Lankenau (Bar No. 294263)<br>    shannon.lankenau@lw.com<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: 415.391.0600<br>Facsimile: 415.395.8095<br><br>LATHAM & WATKINS LLP<br>  Melissa Arbus Sherry (*pro hac vice*)<br>    melissa.sherry@lw.com<br>  Richard P. Bress (*pro hac vice*)<br>    rick.bress@lw.com<br>  Anne W. Robinson (*pro hac vice*)<br>    anne.robinson@lw.com<br>  Tyce R. Walters (*pro hac vice*)<br>    tyce.walters@lw.com<br>  Gemma Donofrio (*pro hac vice*)<br>    gemma.donofrio@lw.com<br>  Christine C. Smith (*pro hac vice pending*)<br>    christine.smith@lw.com<br>555 Eleventh Street NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone: 202.637.2200<br>Facsimile: 202.637.2201 | LAWYERS' COMMITTEE FOR<br>CIVIL RIGHTS UNDER LAW<br>  Kristen Clarke (admitted *pro hac vice*)<br>    kclarke@lawyerscommittee.org<br>  Jon M. Greenbaum (Bar No. 166733)<br>    jgreenbaum@lawyerscommittee.org<br>  Ezra D. Rosenberg (admitted *pro hac vice*)<br>    erosenberg@lawyerscommittee.org<br>  Ajay P. Saini (admitted *pro hac vice*)<br>    asaini@lawyerscommittee.org<br>  Maryum Jordan (Bar No. 325447)<br>    mjordan@lawyerscommittee.org<br>  Pooja Chaudhuri (Bar No. 314847)<br>    pchaudhuri@lawyerscommittee.org<br>1500 K Street NW, Suite 900<br>Washington, D.C. 20005<br>Telephone: 202.662.8600<br>Facsimile: 202.783.0857<br><br>*Additional counsel and representation information listed in signature block* |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al.,<br><br>                             Plaintiffs,<br><br>      v.<br><br>WILBUR L. ROSS, JR., et al.,<br><br>                             Defendants. | CASE NO. 5:20-cv-05799-LHK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS**<br><br>Date: December 17, 2020<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor, San Jose<br>Judge: Hon. Lucy H. Koh |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS

I. INTRODUCTION

Defendants' motion for stay is yet another effort to delay proceedings in this Court so that Defendants evade meaningful judicial scrutiny of their conduct during the 2020 Census. A stay would block fact discovery and resolution of this case in favor of an effectively moot appeal—on preliminary relief—that will conclude after Defendants deliver the apportionment numbers to the President. The longer this case is delayed, the more harm Plaintiffs and the communities they serve will suffer while they await a final and accurate 2020 Census, and the more difficult it will become to correct any errors in data collection and data processing.

Against this backdrop, Defendants' three arguments do not justify a stay. First, a stay will not promote judicial economy, as there is little reason to think that the Ninth Circuit will change its view on Defendants' "threshold" arguments—having already once rejected those put before it—or will disagree with this Court's deep analysis of the threshold issues. Moreover, the Ninth Circuit has been crystal clear that trial preparation should *not* await interim rulings on preliminary injunction motions. Second, as explained at the November 13 case management conference, the longer this case is delayed, the more difficult it will become to effectuate any meaningful remedy. Third, Defendants most certainly have not met any burden to show that multi-thousand person agencies like the Department of Commerce and the Department of Justice cannot respond to basic discovery requests or present a handful of people for deposition. As the parties agreed, Plaintiffs' discovery requests are limited in scope and number in order to minimize disruption and inconvenience to Defendants. Moreover, Plaintiffs sought to meet and confer with Defendants regarding the requests for production served to date, so as to ensure appropriate limitations on custodians, keywords, and more (and to ascertain which information is readily and easily available in report form, from Defendants' massive databases), but Defendants declined to engage until after they've already served their responses—self-help that belies any claims of hardship or burden. The potential damage to Plaintiffs resulting from a stay far outweighs any "hardship or inequity" to Defendants from producing evidence and testimony about whether the 2020 Census will be accurate, or whether corrections are necessary for a

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS

complete and proper census. Plaintiffs respectfully urge the Court to deny Defendants' motion for stay.

## II. LEGAL STANDARD

Under *Landis v. North American Co.*, 299 U.S. 248 (1936), "[a] district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). In deciding whether to grant a stay, a court may weigh the following: "the possible damage which may result from the granting of a stay; the hardship or inequity which a party may suffer in being required to go forward; and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

## III. DISCUSSION

Defendants have not met their burden of demonstrating that the circumstances of this case justify a stay. First, the issues raised in Defendants' appeal will not inform the resolution of any of Plaintiffs' claims on the merits and the Court has already decided the threshold issue of standing. Thus, there are no efficiencies to be gained by awaiting the Ninth Circuit's decision or the Census Bureau's completion of the census. Second, Plaintiffs will suffer irreparable harm by delaying resolution of their claims and finalization of the 2020 Census. Third, Defendants will not suffer hardship or inequity by being "forced to litigate this case[.]" Accordingly, Defendants' request for stay of proceedings should be denied.

### A. The "Orderly Course of Justice" Does Not Favor a Stay

The Court must consider whether a stay will serve the orderly course of justice, "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. Defendants' principal argument is that a stay may render further proceedings unnecessary because the Ninth Circuit's consideration of Defendants' threshold legal defenses will have a "significant, if not dispositive,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS

impact on the resolution of this case" and because completion of the census will "reveal[] whether Plaintiffs have, in fact, any basis to assert the kind of injury they plead in their Second Amended Complaint." ECF No. 355, at 4:14-28, 6:10-13. Defendants are wrong for at least three reasons.

First, this Court has already rejected Defendants' "threshold legal defenses," including Defendants' argument that Plaintiffs' alleged injuries are speculative. *See* ECF No 357, at 3:19-3. And the Supreme Court's unexplained issuance of a stay does not reject any decision made by this Court or the Ninth Circuit on any threshold issue or the merits. The Court also need not "await[] completion of the census and the reports required under 2 U.S.C. § 2a and 13 U.S.C. § 141(b)" to determine if Plaintiffs have suffered injury in fact—it already decided that threshold issue. ECF No. 355, at 6:10-25.

Second, because Plaintiffs are no longer seeking preliminary relief, Defendants' appeal will have virtually no impact on the resolution of this case. Defendants argue that "[t]he Supreme Court's stay order ended Plaintiffs' efforts to preclude the Census Bureau from its ongoing efforts to meet its statutory obligations under the Census Act, including the end-of-year deadline in 13 U.S.C. § 141(b)." ECF No. 355, at 2:4-6. Yet Defendants will miss the December 31 statutory deadline in any event.[1] More importantly, the Court's current case schedule does not countenance any further relief before the statutory deadline. It is thus entirely irrelevant whether the Supreme Court's order "counsels[] against the issuance of any

---

[1] As the Ninth Circuit recognized, "the evidence in the administrative record uniformly showed that no matter when field operations end—whether September 30 under the Replan or October 31 under the COVID-19 Plan—the Bureau will be unable to deliver an accurate census by December 31, 2020." ECF No. 277, at 6. Moreover, Defendants' own statements to this Court, the Ninth Circuit, and in declarations under oath make clear that they can no longer meet the December 31 deadline. *See, e.g.*, *Nat'l Urban League v. Ross*, 977 F.3d 770, 779 (9th Cir. 2020) ("The government … represents that that it will be unable to meet the statutory deadline of December 31 if it cannot end counting by October 5."); September 11 Fontenot Decl. ¶ 107, *La Union del Pueblo Entero v. Trump* (*LUPE*), No. 19-02710 (D. Md.), ECF No. 117-1, ECF No. 233, at 147 (September 28 presentation to Secretary Ross stating that if "field work is completed anytime after October 5, [the] Census Bureau will be unable to deliver state counts for apportionment by December 31, 2020."). And recent reports suggest that due to "routine processing anomalies," the Bureau's internal deadline for reporting final population numbers to the President is January 26, 2021. Hansi Lo Wang, *Census 'Anomalies' Could Thwart Trump's Bid to Alter Next Electoral College*, NPR (Nov. 19, 2020), https://www.npr.org/2020/11/19/936561664/anomalies-found-in-census-could-thwart-trumps-bid-to-alter-electoral-college.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS

1  supervening judicial remedy before the Bureau completes its work, as the statute requires"—

2  although it clearly does not.  ECF No. 355, at 2:6-8, 6:2-9.

3        Third, the Ninth Circuit has "repeatedly admonished district courts not to delay trial

4  preparation to await an interim ruling on a preliminary injunction."  *California v. Azar*, 911 F.3d

5  558, 583-84 (9th Cir. 2018) (citing *Melendres v. Arpaio*, 695 F.3d 990, 1002-03 (9th Cir. 2012);

6  *Global Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007)).  Citing *Azar*,

7  a court in this district recently found Defendants' arguments to be unpersuasive in almost

8  identical circumstances.  *See California v. Azar*, No. 19-CV-01184-EMC, 2019 WL 2996441, at

9  *1 (N.D. Cal. July 9, 2019).  Specifically:

> Because of the limited scope of [appellate] review of the law applied by the district court and because the fully developed factual record may be materially different from that initially before the district court, [the Ninth Circuit's] disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits. … Further, Plaintiffs asserted constitutional claims in their complaints that were not raised at the preliminary injunction stage.  Moving forward with these proceedings would also allow those claims to be adjudicated in a timely manner.

15  *Id.* (citing *Azar*, 911 F.3d at 584).  Similarly here, the Ninth Circuit's disposition of Defendants'

16  effectively moot appeal of the Court's preliminary injunction will provide little guidance as to

17  the resolution of Plaintiffs' claims, particularly their Enumeration Clause claim, which was not a

18  basis for the preliminary injunction.  Moreover, the factual record was far from complete at the

19  time the Court issued the preliminary injunction and discovery is just beginning.  Like *Azar*,

20  moving forward with these proceedings would allow Plaintiffs' claims, including their

21  Enumeration Clause claim, to be adjudicated in a timely manner.

22        As in *Azar*, Defendants rely principally on *Washington v. Trump*, No. C17-0141JLR,

23  2017 WL 1050354 (W.D. Wash. Mar. 17, 2017) and *Hawai'i v. Trump*, 233 F. Supp. 3d 850 (D.

24  Haw. 2017) in support of their argument that a stay is warranted on efficiency grounds.  But

25  *Washington* and *Hawai'i* are inapposite.  Both stayed the determination of a pending motion for

26  a temporary restraining order ("TRO") while the Ninth Circuit ruled on an appeal from a

27  substantively identical TRO from a different court.  *See Washington*, 2017 WL 1050354, at *5;

28  *Hawai'i*, 233 F. Supp. 3d at 855.  In contrast, Defendants here assert that merits proceedings

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS

should be halted altogether while the Ninth Circuit reviews a preliminary injunction ruling this Court has already made and the Supreme Court has already stayed, thereby rendering Defendants' appeal moot. Neither *Washington* nor *Hawai'i* stands for such a proposition. *See Azar*, 2019 WL 2996441, at *2. *Calvillo Manriquez v. DeVos*, No. 17-CV-07210-SK, 2018 WL 5316174, at *3 (N.D. Cal. Aug. 30, 2018), is likewise inapposite because resolution of Defendants' appeal here will have no impact on the resolution of any of Plaintiffs' claims.

### B. Plaintiffs Will Suffer Irreparable Harm if this Case is Stayed for Any Amount of Time

Where there is "even a fair possibility that the stay … will work damage to someone else[,]" the moving party "must make out a clear case of hardship or inequity in being required to go forward[.]" *Lockyer*, 398 F.3d at 1109 (quoting *Landis*, 299 U.S. at 255). There is far more than "a fair possibility" that a stay would harm Plaintiffs here. The longer Plaintiffs must wait for their claims to be finally adjudicated and relief awarded, the greater the harm they suffer. For example, local governments rely on granular census data to deploy critical community services, such as COVID-19 and other public health response efforts, transportation, and disaster preparedness, services which recent history has shown to be of utmost importance. *See, e.g.*, ECF No. 36-7, Shah Decl. ¶ 7 (Harris County uses census data to estimate the impact of COVID-19 on specific communities so it can tailor communications in multiple languages with audience and age-specific prevention messaging and share information about the availability of testing or vaccine sites); ECF No. 36-13, Dively Decl. ¶ 6 (King County uses census data to locate public health clinics, plan transportation routes, and mitigate hazards); ECF No. 36-5, Westall Decl. ¶ 32 (The City of Los Angeles uses census data to deploy the fire department, schedule trash pickups, and improve park properties). Any delay in the resolution of this case, and the ultimate delivery of accurate census data, would predictably throw these processes into uncertainty and cause great hardship to the communities Plaintiffs serve.

Additionally, a stay of this case (during what is a critical period of census operations) will make any meaningful remedy, in the form of correcting any census inaccuracies, increasingly difficult to obtain. *See, e.g.*, Hearing Tr., at 6:17-8:15 (Nov. 13, 2020). As explained at the

1  November 13 case management conference, the closer in time to data collection and processing
2  that Plaintiffs obtain relief, the more likely it is that any remedy will be practicable.[2] *Id.* at
3  11:1-25. This is particularly true because the census is meant to enumerate individuals as of
4  April 1, 2020, which is already almost a year before the trial date in this case. *See id.* at 12:1-14.
5  On the flip side, the longer the resolution of this case and a remedy is delayed, the more difficult
6  it becomes to actually correct the deficiencies and inaccuracies uncovered in this litigation and
7  outlined in Plaintiffs' Second Amended Complaint. Worse, if this case is delayed too long,
8  Defendants could very well take the position that correcting the census is simply not possible.

9  Defendants' argument that Plaintiffs will not be harmed by a stay rests on a faulty
10 assumption that Plaintiffs' only available relief is tied to the (now disregarded) statutory
11 deadlines. However, Defendants ignore that Plaintiffs no longer seek preliminary relief. Nor do
12 they seek to "interfere with the [Census] Bureau's work to complete the 2020 census." ECF No.
13 355 at 7:3-5. The relief sought by Plaintiffs relates to Defendants' conduct with respect to data
14 collection and processing—that conduct is still remediable, even if such relief is not awarded
15 until after the statutory deadline. That the Supreme Court has previously recognized the
16 possibility of a post-census remedy does not in any way support the idea of a full *stay*, now, as
17 Defendants request. Delaying this case—including the critical discovery phase—will only serve
18 to frustrate future efforts to fix the errors in both data collection and processing.

19 Finally, there is no reason to believe (as Defendants urge) that a stay would last only a
20 few months. Briefing before the Ninth Circuit is not scheduled to be complete until mid-January
21 2021 and it could easily be months more until the Ninth Circuit holds argument and issues a
22 decision. *See, e.g.*, *Innovation Law Lab v. Wolf*, 951 F.3d 1073, 1080 (9th Cir. 2020), *cert.*
23 *granted*, No. 19-1212, 2020 WL 6121563 (U.S. Oct. 19, 2020) (appeal of preliminary injunction
24 filed April 10, 2019 and decision from Ninth Circuit issued on February 28, 2020). In light of

---

[2] Mr. Huseny also explained that Plaintiffs' proposed schedule would allow for the possibility that the Court could award a remedy prior to the delivery of the census numbers from the Secretary of Commerce to the President. *Id.* at 10:6-25. Because a hearing on the Parties' motions for summary judgment is not scheduled until February 18, 2021, it is unlikely that any remedy would precede the delivery of the census numbers from the Secretary of Commerce to the President.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS

1  the urgency of Plaintiffs' claims and because the harm to Plaintiffs will only continue to worsen

2  if this case is delayed, a stay is not warranted. *See Lockyer*, 398 F.3d at 1111 (stay is only

3  appropriate where "it appears likely the other proceedings will be concluded within a reasonable

4  time *in relation to the urgency of the claims presented to the court*" (quoting *Leyva v. Certified*

5  *Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)) (emphasis added)).

6       **C.    Defendants Will Not Suffer "Hardship or Inequity" Litigating this Case**

7       In sharp contrast, Defendants do not articulate any injury they would suffer if the lawsuit

8  were to proceed, much less "make out a clear case of hardship or inequity in being required to go

9  forward." *Lockyer*, 398 F.3d at 1109-10. Instead, Defendants merely repeat their argument that

10 proceeding with this litigation would be premature and burdensome. ECF No. 355, at 8:1-22.

11 First, whether it is *premature* for the Court to adjudicate Plaintiffs' claims (and the accuracy of

12 the census) simply does not bear on whether Defendants have suffered *hardship or inequity*.

13 Second, "being required to defend a suit, without more, does not constitute a 'clear case of

14 hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112.[3]

15      Defendants claim—without presenting a shred of evidence—that "expedited litigation"

16 would be "extremely disruptive" and "burden [Census Bureau] employees at a time when their

17 work is most crucial." ECF No. 355, at 8:10-16. It cannot be the case that every employee at the

18 Census Bureau is working around the clock on data processing—many employees work on field

19 operations or data collection, which is now complete. *See* Hearing Tr., at 45:12-16 (Nov. 13,

20 2020). Plaintiffs have committed to working with Defendants in good faith to minimize any

21 disruptions to the Census Bureau's ongoing work. *Id.* at 45:17-46:5. At any rate, the Court

22 rejected Plaintiffs' expedited scheduling proposal, which sought a trial in early January. ECF

23 No. 357. Instead, the Court set a case schedule with more than two additional months for

---

[3] Similarly, many courts, including this one, "have concluded that incurring litigation expenses does not amount to an irreparable harm." *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *4 (N.D. Cal. June 8, 2011) (citations omitted); *see also Morse v. Servicemaster Glob. Holdings, Inc.*, No. C 08-03894, 2013 WL 123610, at *3 (N.D. Cal. Jan. 8, 2013) (recognizing that "the money and time a party must expend [during the litigation] process, while burdensome, does not alone constitute irreparable injury") (citations omitted); *Bradberry v. T–Mobile USA, Inc.*, No. C–06–6567 CW, 2007 WL 2221076, at *4 (N.D. Cal. Aug. 2, 2007) ("The cost of some pretrial litigation does not constitute an irreparable harm to Defendant.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS

1  pre-trial proceedings.  *Id.* at 2.  The parties also (with the assistance of the Court) agreed to

2  meaningful limits on discovery that will significantly reduce the burden on Defendants during

3  the final months of data processing.  *Id.* at 2, 5.  Should Defendants object to certain discovery

4  requests on the basis of burden, the proper time to raise that issue (on a request-by-request basis)

5  is in Defendants' responses and objections to Plaintiffs' discovery, not by seeking a wholesale

6  stay of all discovery.  Defendants will not suffer any hardship or inequity under the Court's

7  current case schedule and with the current limits on discovery.

## IV. CONCLUSION

For the foregoing reasons, a stay of these proceedings is not warranted and Defendants' motion for stay should be denied.

Dated: November 24, 2020

LATHAM & WATKINS LLP

By: /s/ Sadik Huseny
    Sadik Huseny

Sadik Huseny (Bar No. 224659)
sadik.huseny@lw.com
Steven M. Bauer (Bar No. 135067)
steven.bauer@lw.com
Amit Makker (Bar No. 280747)
amit.makker@lw.com
Shannon D. Lankenau (Bar. No. 294263)
shannon.lankenau@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:  415.391.0600
Facsimile:  415.395.8095

Melissa Arbus Sherry (*pro hac vice*)
melissa.sherry@lw.com
Richard P. Bress (*pro hac vice*)
rick.bress@lw.com
Anne W. Robinson (*pro hac vice*)
anne.robinson@lw.com
Tyce R. Walters (*pro hac vice*)
tyce.walters@lw.com
Gemma Donofrio (*pro hac vice*)
gemma.donofrio@lw.com
Christine C. Smith (*pro hac vice pending*)
christine.smith@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS

| | |
|---|---|
| | Washington, D.C. 20004<br>Telephone: 202.637.2200<br>Facsimile: 202.637.2201 |
| | *Attorneys for Plaintiffs National Urban League; League of Women Voters; Black Alliance for Just Immigration; Harris County, Texas; King County, Washington; City of San Jose, California; Rodney Ellis; Adrian Garcia; and the NAACP* |
| Dated: November 24, 2020 | By: /s/ Jon M. Greenbaum<br>Kristen Clarke (*pro hac vice*)<br>kclarke@lawyerscommittee.org<br>Jon M. Greenbaum (Bar No. 166733)<br>jgreenbaum@lawyerscommittee.org<br>Ezra D. Rosenberg (*pro hac vice*)<br>erosenberg@lawyerscommittee.org<br>Ajay Saini (*pro hac vice*)<br>asaini@lawyerscommittee.org<br>Maryum Jordan (Bar No. 325447)<br>mjordan@lawyerscommittee.org<br>Pooja Chaudhuri (Bar No. 314847)<br>pchaudhuri@lawyerscommittee.org<br>**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**<br>1500 K Street NW, Suite 900<br>Washington, DC 20005<br>Telephone: 202.662.8600<br>Facsimile: 202.783.0857 |
| | *Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County, Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation* |
| | Wendy R. Weiser (*pro hac vice*)<br>weiserw@brennan.law.nyu.edu<br>Thomas P. Wolf (*pro hac vice*)<br>wolft@brennan.law.nyu.edu<br>Kelly M. Percival (*pro hac vice*)<br>percivalk@brennan.law.nyu.edu<br>**BRENNAN CENTER FOR JUSTICE**<br>120 Broadway, Suite 1750<br>New York, NY 10271<br>Telephone: 646.292.8310<br>Facsimile: 212.463.7308 |
| | *Attorneys for Plaintiffs National Urban League; City of San Jose, California; Harris County,* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS

|   |   |   |
|---|---|---|
| | | *Texas; League of Women Voters; King County, Washington; Black Alliance for Just Immigration; Rodney Ellis; Adrian Garcia; the NAACP; and Navajo Nation* |

Mark Rosenbaum (Bar No. 59940)
mrosenbaum@publiccounsel.org
**PUBLIC COUNSEL**
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone: 213.385.2977
Facsimile: 213.385.9089

*Attorneys for Plaintiff City of San Jose*

Doreen McPaul, Attorney General
dmcpaul@nndoj.org
Jason Searle (*pro hac vice*)
jasearle@nndoj.org
**NAVAJO NATION DEPARTMENT OF JUSTICE**
P.O. Box 2010
Window Rock, AZ 86515
Telephone: (928) 871-6345

*Attorneys for Navajo Nation*

Dated: November 24, 2020

By: /s/ Danielle Goldstein
Michael N. Feuer (Bar No. 111529)
mike.feuer@lacity.org
Kathleen Kenealy (Bar No. 212289)
kathleen.kenealy@lacity.org
Danielle Goldstein (Bar No. 257486)
danielle.goldstein@lacity.org
Michael Dundas (Bar No. 226930)
mike.dundas@lacity.org
**CITY ATTORNEY FOR THE CITY OF LOS ANGELES**
200 N. Main Street, 8th Floor
Los Angeles, CA 90012
Telephone: 213.473.3231
Facsimile: 213.978.8312

*Attorneys for Plaintiff City of Los Angeles*

Dated: November 24, 2020

By: /s/ Michael Mutalipassi
Christopher A. Callihan (Bar No. 203010)
legalwebmail@ci.salinas.ca.us
Michael Mutalipassi (Bar No. 274858)
michaelmu@ci.salinas.ca.us
**CITY OF SALINAS**

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS

| | |
|---|---|
| | 200 Lincoln Avenue<br>Salinas, CA 93901<br>Telephone: 831.758.7256<br>Facsimile: 831.758.7257<br><br>*Attorneys for Plaintiff City of Salinas* |
| Dated: November 24, 2020 | By: /s/ Rafey S. Balabanian<br>Rafey S. Balabanian (Bar No. 315962)<br>rbalabanian@edelson.com<br>Lily E. Hough (Bar No. 315277)<br>lhough@edelson.com<br>**EDELSON P.C.**<br>123 Townsend Street, Suite 100<br>San Francisco, CA 94107<br>Telephone: 415.212.9300<br>Facsimile: 415.373.9435<br><br>Rebecca Hirsch (*pro hac vice*)<br>rebecca.hirsch2@cityofchicago.org<br>**CORPORATION COUNSEL FOR THE CITY OF CHICAGO**<br>Mark A. Flessner<br>Stephen J. Kane<br>121 N. LaSalle Street, Room 600<br>Chicago, IL 60602<br>Telephone: (312) 744-8143<br>Facsimile: (312) 744-5185<br><br>*Attorneys for Plaintiff City of Chicago* |
| Dated: November 24, 2020 | By: /s/ Donald R. Pongrace<br>Donald R. Pongrace (*pro hac vice*)<br>dpongrace@akingump.com<br>Merrill C. Godfrey (Bar No. 200437)<br>mgodfrey@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>2001 K St., N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 887-4000<br>Facsimile: 202-887-4288<br><br>*Attorneys for Plaintiff Gila River Indian Community* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS

Dated: November 24, 2020

By: /s/ David I. Holtzman
David I. Holtzman (Bar No. 299287)
David.Holtzman@hklaw.com
**HOLLAND & KNIGHT LLP**
Daniel P. Kappes
Jacqueline N. Harvey
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6970
Fax: (415) 743-6910

*Attorneys for Plaintiff County of Los Angeles*

## **ATTESTATION**

I, Sadik Huseny, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: November 24, 2020

**LATHAM & WATKINS LLP**
By: */s/ Sadik Huseny*
Sadik Huseny

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

CASE NO. 5:20-CV-05799-LHK
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS