# EXHIBIT A

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JOHN V. COGHLAN
Deputy Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
BRAD P. ROSENBERG
Assistant Branch Directors
ELLIOTT M. DAVIS
STEPHEN EHRLICH
JOHN J. ROBINSON
ALEXANDER V. SVERDLOV
M. ANDREW ZEE
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-9803

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL URBAN LEAGUE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR L. ROSS, JR., *et al.*, <br><br> Defendants. | Case No. 5:20-cv-05799-LHK <br><br> **DEFENDANTS' REQUEST FOR A THREE-JUDGE COURT** |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that Defendants, by and through their counsel, hereby request that a three-judge court be convened immediately under 111 Stat. 2481 and 28 U.S.C. § 2284. Defendants respectfully request that this motion be heard on January 28, 2021, at 1:30 p.m., or at the Court's next available date thereafter.

# ARGUMENT

Defendants respectfully request that a three-judge court be convened immediately under 111 Stat. 2481 and 28 U.S.C. § 2284. Congress has directed that an action by "[a]ny person aggrieved by the use of any statistical method . . . in connection with the 2000 or any later decennial census" "shall be heard and determined by a district court of three judges in accordance with section 2284 of title 28, United States Code." 1998 Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, §§ 209(b), 209(e)(1), 111 Stat. 2481 (1997) (the "1998 Appropriations Act"). Because this Court has now acknowledged that Plaintiffs "challenge statistical methods in connection with the census," ECF No. 401 at 39, the Court should "immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge" to adjudicate the merits of this case. 28 U.S.C. § 2284(b)(1).

The Court has now recognized that Plaintiffs challenge "statistical methods in connection with the census" by alleging that the Census Bureau's operations "departed from federal government statistical standards." ECF No. 401 at 39; Sec. Am. Compl. ¶¶ 279–88 (SAC), ECF No. 352. Plaintiffs also allege that the Census Bureau will rely more heavily on data-processing techniques like "statistical imputation," which "involves the [Census] Bureau using information from surrounding responsive households to infer the count and characteristics of a non-responsive household." SAC ¶ 301. And Plaintiffs allege that the manner in which the Census Bureau is currently implementing those statistical techniques will cause inaccuracies. *See, e.g., id.* ¶¶ 144–46, 301–03, 317. So, in the language of the 1998 Appropriations Act, Plaintiffs allege themselves to be "aggrieved by the use of [a] statistical method in violation of the Constitution or any provision of law . . . in connection with the [2020] census," and have brought an action to "obtain declaratory, injunctive, and any other appropriate relief against the use of such [statistical] method." 1998

Appropriations Act § 209(b).

Like other instances where parties have raised challenges to the use of statistical techniques without explicitly invoking the 1998 Appropriations Act, such a challenge should be presented to a three-judge court. That was true, for example, in the recent challenges to a Presidential Memorandum regarding apportionment, which were heard by three-judge courts not only because they "challeng[ed] the constitutionality of the apportionment," 28 U.S.C. §2284(a), but also because they raised claims of allegedly improper statistical sampling under 13 U.S.C. § 195. *See, e.g.*, *New York v. Trump*, No. 1:20–cv–05770, ECF No. 68 at 3 (S.D.N.Y. Aug. 7, 2020), *final judgment vacated*, *Trump v. New York*, --- S.Ct. ---, 2020 WL 7408998 (U.S. Dec. 18, 2020); *see also*, *e.g.*, *San Jose v. Trump*, No. 5:20–cv–05167, ECF No. 49 (N.D. Cal. Aug. 17, 2020); *Common Cause v. Trump*, No. 1:20–cv–02023, ECF No. 33 at 2 (D.D.C. Aug. 20, 2020); *Useche v. Trump*, No. 8:20–cv–02225, ECF No. at 2 (D. Md. Aug. 17, 2020).

Convening a three-judge court in this case under the 1998 Appropriations Act and § 2284 is also consistent with prior challenges to census-related statistical methods. For example, in *Utah v. Evans*, 536 U.S. 452 (2002), a three-judge court was convened to adjudicate a challenge to the Bureau's use of imputation. Likewise, in *Dep't of Commerce v. U.S. House of Representatives*, 525 U.S. 316, 328 (1999), a three-judge court was convened to adjudicate whether the Bureau could improve the accuracy of census data by using statistical sampling. Indeed, this Court expressly likened the statistical-methods challenge in *House of Representatives* to Plaintiffs' challenge here, recognizing that Plaintiffs "also challenge statistical methods in connection with the census." ECF No. 401 at 39. So there is no doubt that, following the Court's determination that Plaintiffs "challenge statistical methods in connection with the census," this case should "also" be adjudicated by a three-judge court. *See U.S. House of Representatives v. U.S. Dep't of Commerce*, 11 F. Supp. 2d 76, 104 (D.D.C. 1998); *Glavin v. Clinton*, 19 F. Supp. 2d 543, 545 (E.D. Va. 1998).

More recently, this Court requested the appointment of a three-judge court in *San Jose v. Trump*—where plaintiffs presented a different statistical-methods challenge—based in part on the 1998 Appropriations Act. *See* Request To The Chief Judge of the U.S. Court of Appeals for the Ninth Circuit To Convene a Three-Judge Court under 28 U.S.C. § 2284 in *San Jose v. Trump*,

No. 5:20–cv–05167–LHK, ECF No. 49 (N.D. Cal. Aug. 17, 2020) (Koh, J.). In doing so, the Court recognized that "'the cautious course for a district court in a . . . case in which an Act of Congress *seems* to make a three-judge court mandatory would be to have such a court convened, even in the absence of request." *Id.* at 3 (emphasis added) (quoting Vikram David Amar, 17A Federal Practice & Procedure: Jurisdiction § 4235 (3d ed. Apr. 2020 update)); *see New York*, *supra*, at 3 ("At a minimum, the issue is close, and the Court cannot definitively conclude that 'three judges are *not* required,' which is enough to trigger the notification requirement." (citation omitted)).

There is good reason to exercise the same caution here. The 1998 Appropriations Act and § 2284 may well be jurisdictional, as they concern the power of the Court and demand that "[a] district court of three judges *shall* be convened." 28 U.S.C. § 2284(a) (emphasis added); 1998 Appropriations Act, § 209(e)(1), 111 Stat. 2481 (1997) (mandating that any challenge to the use of statistical methods in the census "shall be heard and determined by a district court of three judges"); *see, e.g.*, *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 154 (2013) ("the mandatory word 'shall'" can be a "word[] with jurisdictional import"). Two circuit courts—including one sitting *en banc*—have specifically held "that the three-judge requirement in 28 U.S.C. § 2284 is jurisdictional." *Kalson v. Paterson*, 542 F.3d 281, 287 (2d Cir. 2008); *accord Armour v. Ohio*, 925 F.2d 987, 989 (6th Cir. 1991) (en banc); *see Igartúa v. Obama*, 842 F.3d 149, 162 (1st Cir. 2016) (Toruella, J., dissenting) ("[T]he Supreme Court has not yet formally resolved whether convening a three-judge court under [28 U.S.C.] § 2284(a) is a jurisdictional requirement."). Indeed, three of Plaintiffs in this action explained in *San Jose v. Trump* that if claims subject to section 2284 "are adjudicated by a single district judge when they should have been heard by a three-judge court, it could be a jurisdictional error requiring reversal." Joint Case Management Statement in *San Jose v. Trump*, No. 5:20–cv–05167–LHK, ECF No. 44 (N.D. Cal. Aug. 17, 2020).

But regardless of whether the statutes are jurisdictional, they are still mandatory. *See Shapiro v. McManus*, 577 U.S. 39, 43 (2015) ("It follows that" the Court is "required to refer the case to a three-judge court, for § 2284(a) admits of no exception, and the mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion." (internal quotation marks omitted)). So at the very least, any single-judge action beyond the strictures of § 2284 after this motion could

DEFENDANTS' REQUEST FOR A
THREE-JUDGE COURT
Case No. 5:20-cv-05799-LHK

3

be reversed or vacated on that ground alone. *Cf., e.g.*, *Independence Inst. v. FEC*, 816 F.3d 113, 117 (D.C. Cir. 2016) (Kavanaugh, J.) (vacating judgment and remanding with directions to convene a three-judge court).

It makes no difference that some of Plaintiffs' other allegations are distinct from their allegations about statistical methods. As in 28 U.S.C. § 2284 itself, Congress provided in the 1998 Appropriation Act that the whole "action" shall be heard by a three-judge court. So the three-judge court appointed for this case should hear all of Plaintiffs' claims and not just those concerning statistical methods. *See Page v. Bartels*, 248 F.3d 175, 187–88 (3d Cir. 2001) ("A straightforward reading of the pertinent language suggests that *the entire case*, and not just the constitutional claims [triggering § 2284], must be heard by a three-judge court. This is because the language of § 2284 itself is broadly applicable to 'actions'—not narrowly to 'claims'—challenging the constitutionality of the apportionment." (emphasis added)); *see also Shapiro*, 577 U.S. at 43 (explaining that 2284 required the district judge "to refer *the case* to a three-judge court" (emphasis added)). Neither the 1998 Appropriation Act nor § 2284 permit some allegations to be heard by a single judge while other allegations are heard by three judges.

Given this Court's conclusion that Plaintiffs "challenge statistical methods in connection with the census," ECF No. 401 at 39, a three-judge court should be convened.

| | |
|---|---|
| DATED: December 29, 2020 | Respectfully submitted,<br><br>JEFFREY BOSSERT CLARK<br>Acting Assistant Attorney General<br><br>JOHN V. COGHLAN<br>Deputy Assistant Attorney General<br><br>AUGUST E. FLENTJE<br>Special Counsel to the Assistant<br> Attorney General<br><br>ALEXANDER K. HAAS<br>Branch Director<br><br>DIANE KELLEHER<br>BRAD P. ROSENBERG<br>Assistant Branch Directors<br><br>*/s/ Stephen Ehrlich*<br>ELLIOTT M. DAVIS<br>STEPHEN EHRLICH (NY Bar 5264171)<br>JOHN J. ROBINSON<br>ALEXANDER V. SVERDLOV<br>M. ANDREW ZEE<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW<br>Washington, D.C. 20005<br>Telephone: (202) 305-9803<br><br>*Attorneys for Defendants* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

NATIONAL URBAN LEAGUE, *et al.*,

    Plaintiff,

  v.

WILBUR L. ROSS, JR., *et al.*,

    Defendants.

Case No. 5:20-cv-05799-LHK

## [PROPOSED] ORDER AND REQUEST TO THE CHIEF JUDGE OF THE U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT

Upon consideration of Defendants' request for a three-judge court, it is hereby

ORDERED that Defendants' motion is GRANTED and the Court respectfully requests that the Chief Judge of the U.S. Court of Appeals for the Ninth Circuit promptly convene a three-judge court to preside over the claims presented in this case.

IT IS SO ORDERED.

Date:_____  _____

LUCY H. KOH

United States District Judge