# EXHIBIT E

Case 1:20-cv-02192-DLF-BAH-PBS Document 59-5 Filed 01/05/21 Page 1 of 6
Case 2:18-cv-00772-RDP Document 193 Filed 01/05/21 Page 2 of 9     FILED
2021 Jan-05 AM 11:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, *et al.*, | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 2:18–cv–00772–RDP |
| THE UNITED STATES DEPARTMENT OF COMMERCE, *et al.*, | ) |
| *Defendants*, | ) |
| and | ) |
| DIANA MARTINEZ, *et al.*; COUNTY OF SANTA CLARA, CALIFORNIA, *et al.*; and STATE OF NEW YORK, *et al.*, | ) |
| *Intervenor-Defendants.* | ) |

### **JOINT MOTION TO EXTEND THE STAY OF PROCEEDINGS**

The Plaintiffs and State and Local Intervenor-Defendants respectfully move the Court to extend the stay of this case until February 10, 2021. There is a reasonable prospect that by that date the parties will know additional, significant information about the census results and the possible implementation of the Presidential Memorandum, which could affect how this litigation should proceed. Although Defendants do not join this motion, they state that their position is: "Defendants believe that the stay should be extended pending the apportionment, and agree with the proposal that the parties submit a joint status report by February 10, 2021." And although the Martinez Intervenor-Defendants do not join this motion, they also do not oppose it, and state: "Martinez Defendant-Intervenors believe that any stay should be automatically lifted when the President transmits to Congress his 'statement showing the whole number of persons in each State

[...] and the number of Representatives to which each State would be entitled,' under 2 U.S.C. § 2a(a)."

## BACKGROUND

This case concerns a disagreement over whether persons who are not in a lawful immigration status under the Immigration and Nationality Act, as amended (the "Subject Persons"), must be excluded from the apportionment base for seats in the U.S. House of Representatives. *See generally* Amended Complaint ("Am. Compl.") ¶¶ 1–5, ECF No. 112; Martinez Invervenors' Answer and Cross-Claim at 29–31, ¶¶ 1–9, ECF No. 119 (Cross-Claim).

As the Court is aware, the legal landscape of this dispute was altered by the President's issuance of the July 21, 2020, Presidential Memorandum, *Excluding Illegal Aliens from the Apportionment Base Following the 2020 Census*, 85 Fed. Reg. 44,679 (July 21, 2020), which instructed the Secretary of Commerce to transmit to the President information that would enable the President to exclude Subject Persons from the base population number for apportionment "to the maximum extent feasible and consistent with the discretion delegated to the executive branch," *id.* at 44,680. *See generally* Defs.' Br. in Resp. to Court Order, at 2–5, ECF No. 158. Indeed, full implementation of the Memorandum could grant Plaintiffs in this matter all the relief they sought, or would be entitled to obtain. *See id.*

This Court previously stayed this case pending the Supreme Court's decision in *Trump v. New York*, No. 20–366, 2020 WL 7408998 (U.S. Dec. 18, 2020), which involved a challenge to the legality of the Memorandum. *See* Doc. 190. The Supreme Court held that the plaintiffs in that case had not shown standing and that the case was not ripe. *New York*, 2020 WL 7408998, at *3. The Supreme Court thus vacated a district court judgment that had declared the Memorandum unlawful and had enjoined Defendants "from including in the Secretary's report to the President

2

pursuant to [13 U.S.C.] Section 141(b) any information permitting the President to exercise the President's discretion to carry out the policy" of excluding Subject Persons from the apportionment base. *New York v. Trump*, No. 20-CV-5770-RCW-PWH-JMF, 2020 WL 5422959, at *35 (S.D.N.Y. Sept. 10, 2020). On Decemember 28, 2020, the Supreme Court issued similar orders in two similar cases—*Trump v. San Jose*, No. 20–561, and *Trump v. Useche*, No. 20–662—vacating decisions of district courts that had enjoined Defendants from fully implementing the Memorandum.

Because the Supreme Court did not reach the merits of the *New York* case, the Supreme Court did not shed light on the merits of this case. The statutory deadline for the Secretary of Commerce to deliver to the President a report conveying the results of the census was December 31, 2020. 13 U.S.C. § 141(b). This deadline was not met.

## ARGUMENT

"The discretion to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Fikes v. Aerofin Corp.*, No. 2:05–cv–1864, 2005 WL 8157977, at *2 (N.D. Ala. Sept. 30, 2005) (Proctor, J.) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Because a short extension of the current stay is likely to conserve the resources of the Court and the parties, the Court should extend the stay until February 10, 2021. The parties will meet and confer and promptly submit a joint status report if the apportionment count is released before that date or if other developments materially affect the legal landscape relevant to this litigation.

Plaintiffs' standing in this case turns on their allegation that Alabama will lose a Congressional seat if Subject Persons are included in the apportionment base but keep that seat if Subject Persons are excluded from that count. When Plaintiffs filed this case in 2018, their alleged

3

harm was based on projections of what the 2020 census figures would show. But the census count has now been completed, and though Defendants have not met the statutory deadline of December 31, 2020, for reporting census results to the President, there is a reasonable prospect that the apportionment count will be released soon and that Defendants will implement the Memorandum. There is also the possibility of further developments in litigation concerning the Presidential Memorandum.[1] Those developments could affect Plaintiffs' standing and what discovery, if any, the parties may wish to conduct before proceeding to dispositive motions.

"These circumstances dictate that in the interests of efficiency and the conservation of the limited resources of the parties and the court, the proceedings herein" should continue to be stayed. *See McVeigh v. Callan Assocs. Incorp.*, No. 2:09–cv–0685–RDP, 2009 WL 10703213, at *3 (N.D. Ala. Sept. 14, 2009). The parties propose filing a joint status report with the Court by February 10, 2021, regarding future proceedings in this case. And the parties will meet and confer and promptly submit a joint statuts report before that date if the apportionment count is released or other developments materially affect the legal landscape. The stay will ensure that the Court does not "expend valuable judicial resources supervising pre-trial proceedings and issuing rulings" that may be rendered unnecessary in just a few weeks. *Fikes*, 2005 WL 8157977, at *2.

## CONCLUSION

For these reasons, the parties respectfully request that the Court exercise its discretion to extend the stay of this case until February 10, 2021. The parties further propose that they submit a joint status report with the Court by that date.

---

[1] Nothing in this request should be interpreted as applying to other litigation, as all parties reserve the right to pursue other relief in other fora should circumstances change.

4

Dated: January 5, 2021

Respectfully submitted,

Steve Marshall
*Alabama Attorney General*

*/s/ Edmund G. LaCour Jr.*
Edmund G. LaCour Jr.
*Solicitor General*

James W. Davis
Winfield J. Sinclair
Brenton M. Smith
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130-0152
Tel: (334) 242-7300
Fax: (334) 353-8440
Email: Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Winfield.Sinclair@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov

*Counsel for Plaintiff State of Alabama*

*/s/ Morris J. Brooks, Jr.*
Morris J. Brooks, Jr.
Pro se
2101 W. Clinton Avenue
Suite 302
Huntsville, AL 35805
(256) 355-9400
(256) 355-9406—Fax

*Counsel for Plaintiff*
*Morris J. Brooks, Jr.*


LETITIA JAMES
*Attorney General of the State of New York*

*/s/ Joyce White Vance*
Joyce White Vance
101 Paul W. Bryant Drive

By: */s/ Matthew Colangelo*
Matthew Colangelo
  *Chief Counsel for Federal Initiatives*

Tuscaloosa, AL 35487
jvance@law.ua.edu

*/s/ Barry A. Ragsdale*
Barry A. Ragsdale
SIROTE & PERMUTT, PC
2311 Highland Avenue South
Birmingham, AL 35205
Phone: (205) 930-5100
bragsdale@sirote.com

Elena Goldstein
  *Deputy Chief, Civil Rights Bureau*
Amanda Meyer, *Assistant Attorney General*
Joseph J. Wardenski, *Senior Trial Counsel*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
Matthew.Colangelo@ag.ny.gov

*Attorneys for the State and Other Government Defendant-Intervenors*

Respectfully submitted,

*/s/   Robert S. Vance*
THE BLOOMSTON FIRM
Robert S. Vance
2151 Highland Avenue South, Suite 310
Birmingham, AL 35205
(205) 212-9700
Robert@thebloomstonfirm.com

DAGNEY JOHNSON LAW GROUP
Anil A. Mujumdar (ASB-2004-L65M)
2170 Highland Avenue South, Suite 205
Birmingham, Alabama 35205
Telephone: (205) 649-7502
Facsimile: (205) 809-7899
Email: anil@dagneylaw.com

LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
Ezra D. Rosenberg
Dorian L. Spence
1401 New York Avenue NW, Suite 400
Washington, DC 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-9857
Email: erosenberg@lawyerscommittee.org
dspence@lawyerscommittee.org

DEMOCRACY FORWARD
Robin F. Thurston

John T. Lewis
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Telephone: (202) 448-9090
Email: rthurston@democracyforward.org
jlewis@democracyforward.org

*Attorneys for Defendant-Intervenors*
*City of Atlanta; City of San José; Arlington County;*
*and King County*

DEBEVOISE & PLIMPTON LLP
Jyotin Hamid
Lauren M. Dolecki
Ming Ming Yang
919 Third Ave
New York, NY 10022
(212) 909-6000
Facsimile: (212) 909-6836
Email: jhamid@debevoise.com
lmdolecki@debevoise.com
mmyang@debevoise.com

Robert Kaplan
801 Pennsylvania Avenue NW, Suite 500
Washington, DC 20001
Telephone: (202) 383-8000
Facsimile: (202 383-8188
Email: rbkaplan@debevoise.com

CITY OF SAN JOSÉ
Richard Doyle, City Attorney
Nora Frimann, Assistant City Attorney
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, CA 95113-1905
Telephone: (408) 535-1900
Facsimile: (408) 998-3131
Email: cao.main@sanjoseca.gov

*Attorneys for Defendant-Intervenor*
*City of San José*

7

Respectfully submitted,

*/s/ Robert D. Segall*

COPELAND FRANCO
SCREWS & GILL, P.A.
Robert D. Segall (SEG003)
Post Office Box 347
Montgomery, AL 36101-0347
Phone: (334) 834-1180
Facsimile: (334) 834-3172
Email: segall@copelandfranco.com

OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
James R. Williams, County Counsel
Greta S. Hansen
Laura S. Trice
Raphael N. Rajendra
Marcelo Quiñones
Karun Tilak
Office of the County Counsel
County of Santa Clara
70 West Hedding Street
East Wing, 9th Floor
San José, CA 95110
Email: raphael.rajendra@cco.sccgov.org
marcelo.quinones@cco.sccgov.org
karun.tilak@cco.sccgov.org

LAW OFFICE OF
JONATHAN WEISSGLASS
Jonathan Weissglass
1939 Harrison Street, Suite 150-B
Oakland, CA 94612
Telephone: (510) 836-4200
Email: jonathan@weissglass.com

*Attorneys for Defendant-Intervenor
County of Santa Clara, Calif.*